[No. 8470.]

## MATHIESEN ET AL. V. NORTH POUDRE IRRIGATION COMPANY.

*Damages for wrongful diversion of water, not to be allowed unless alleged and proved. (264.)*

*Error to the Court of Appeals.*
*En Banc.*

Mr. FRANK J. ANNIS, for plaintiffs in error.

Mr. R. W. FLEMING and Mr. J. F. FARRAR, for defendant in error.

Opinion by Mr. Justice TELLER.

The defendant in error brought suit for an injunction to restrain the plaintiffs in error from diverting water from the Fossil Creek Inlet Ditch, by which its reservoir was supplied, and to have title to said water quieted in plaintiff.

The complaint alleged a sale by plaintiff, in 1905, to the defendants' grantors, of the north-east quarter of section 15, and the south-east quarter of the south-east quarter

of section ten, all in Tp. 6 N. Range 68 W.; that the defendants had, during the year 1906 and since that time, unlawfully diverted through a tile head-gate in said ditch, water flowing therein, belonging to plaintiff, for the purpose of irrigating said lands; that the defendants had broken open said head-gate, after the same had been locked by the plaintiff; and that the reasonable value of the water so diverted was $3,000, in which sum plaintiff asks damages.

The defendants, by answer, denied that the plaintiff owned the water diverted, and by cross complaint alleged that the plaintiff, in order to irrigate lands owned by it in the sections in the complaint mentioned, constructed said tile head-gate, and a ditch known as the "Inlet Seepage Ditch" therefrom to said lands; that thereafter the defendants by mesne conveyances became the owners of said ditch and the waters thereunto appertaining, and that they had been the owners and in possession thereof since 1906. They prayed that title to said ditch and water be quieted in them.

It appears that after the first sale mentioned, the plaintiff sold to defendants, grantors another tract of forty acres, being the southwest quarter of the southeast quarter of said section ten. The complaint makes no charge of unauthorized use of water on this forty acre tract, but the cross-complaint alleges a right to water for it, and demands that such right be adjudged to the cross complainants. Thus the right to water for that tract was put in issue.

The court entered judgment giving plaintiff title to the water in dispute, and perpetually enjoined the defendants from diverting any water from the ditch in question. It, also, gave plaintiff damages in the sum of $600, for the water taken from the ditch during the years 1906 to 1910 inclusive. This judgment was affirmed by the Court of Appeals (26 Colo. App. 190, 141 Pac. 86), on the ground that, there being a conflict of evidence, the findings of the trial court would not be disturbed.

As the judgment must be reversed on other grounds, we need not determine the correctness of the affirmance for the reasons announced.

We are of the opinion that the court erred in allowing damages under the pleadings, and the case made.

Upon the question of damages the complaint is silent except for an allegation that the water diverted was of the reasonable value of $3,000, and that it had been diverted without right, to the plaintiff's damage in the sum of $3,000.

The only evidence upon which the finding of damages was made was that the water was worth four dollars per acre per year, and that thirty acres had been irrigated through the tile head-gate each year for four years.

The finding is not that plaintiff had been damaged, but that the value of the water taken was $600.

It should be stated that the water in controversy is seepage water escaping from ditches on higher ground, and collected in the Inlet Ditch. The plaintiff has an adjudicated right to flood waters for its reservoir, but no decree as to this seepage water. The right to the latter is claimed from the application of it in 1905, through the seepage ditch constructed for that purpose, to the lands now owned by defendants, and conveyed to their grantors in 1905.

Following the purchase of the land the defendants used the water without objection on the part of the plaintiff, until the year 1908, when the head-gate was locked. Defendants made immediate protest and were informed that it was understood they were using water on land other than the forty acres last bought. One of the defendants' grantors, a former director of the company, having insisted that the water in question was purchased with the land, the secretary of the company promised that there would be no further trouble. The head-gate was thereupon opened and the water was used during that season.

In 1909 the water was again shut off and, after some negotiation, the parties entered into a written stipulation which recited that there was a dispute as to the right to water for irrigating the two hundred acre tract "there being no dispute as to a certain forty acres more or less," and provided that the water might be used without prejudice to the right of either party until the matter in dispute could be adjusted.

The action was begun in February, 1910.

There is no apparent reason why the plaintiff in this kind of an action should be relieved of the ordinary requirement that to recover damages they must be alleged and proved.

In Kinney on Irrigation and Water Rights, 2nd Ed. at page 3055, it is said:

"An action for damages will also lie for the unlawful diversion of water from a ditch, canal or reservoir, as well as from the natural stream. * * * But in all cases, in order to recover damages, the plaintiff must show that he has been actually injured in some manner."

There being neither allegation nor evidence that plaintiff suffered injury from the taking and use of the water by defendants, the court erred in allowing damages.

The judgment is reversed, and the cause remanded to the District Court for further proceedings in harmony herewith.

Decided April 3rd, A. D. 1916.   Rehearing denied June 5, A. D. 1916.