### SIMPLOT ET AL. v. THE CITY OF DUBUQUE.

1. **Municipal Corporations:** ESTOPPEL. A city is estopped to deny the ownership of real estate by a party whom it has permitted, under claim of right, to occupy the same and pay taxes thereon levied by itself.

2. ———: ABANDONMENT OF STREET. When a city has permitted a party, under claim of right, to occupy for thirty years land granted to it for a street, it will be presumed to have abandoned its right thereto.

3. **Practice in the Supreme Court:** REHEARING. It is not competent, upon rehearing, to file an additional or amended abstract.

*Appeal from Dubuque Circuit Court.*

THURSDAY, DECEMBER 5.

ACTION in chancery to restrain the defendant from entering upon and improving, as a street, a small tract of land adjacent to, and claimed by plaintiffs to be a part of, lot 530, in the city of Dubuque, the title and possession of which are in them. There was a decree dismissing plaintiffs' petition, from which they appeal. The facts of the case appear in the opinion.

*M. H. Beach,* for appellants.

*Griffith & Knight,* for appellee.

BECK, J. I.—The defendant insists in argument that this cause cannot be considered for the reason that no transcript of the record has been filed. Under our practice this objec-

Simplot v. The City of Dubuque.

tion must be raised by motion, and not after submission upon the argument. It may be further said that a transcript was filed before the cause was finally submitted.

II. It is also insisted that there is no bill of exceptions or certificate showing the testimony upon which the case was tried. This objection must be presented by an amended abstract, and cannot be first urged upon the argument.

III. The land which is the subject of this action is a small triangular tract adjacent to and claimed by plaintiffs to be a part of lot 530, in the city of Dubuque. The lot, according to the original plat of the city, is irregular in shape. Its north line is one hundred and thirteen feet long, its west line forty-nine feet four inches, the south fifty feet, and its east line of the length indicated by the figure of the lot. The land in dispute is the triangle which, taken with the lot as surveyed, would make it a parallelogram of the length of its north line and width of its east line. First street runs along the south of the lot, and originally a "slough" or arm of the Mississippi river was east of and no great distance from the original south-east line. The testimony leads to the conclusion that the "slough" has been filled up, or partly filled, at this point, so as to increase the distance from the lot to the water. But this fact is of no importance in the determination of the case. Iowa street runs along the east line of the lot. The plaintiffs and their ancestor have occupied the piece of land in question since 1840. In 1853 the city council ordered this part of the lot, with other lots in that neighborhood, to be filled up, and plaintiffs—or rather their guardians, for they were then minors—failing to do so, it was done by the city, and the cost of the work was collected from their guardians.

In 1856 the plaintiffs were required to grade and macadamize First and Iowa streets, to put in gutters and curb-stones, and pave the sidewalk along the piece of land in dispute, which was charged as private property with the improvement of the street. The sum expended by plaintiffs in payment

*1. MUNICIPAL corporation: estoppel.*

of these assessments for improvements upon the whole lot amounted to several hundred dollars. The streets, as improved by the city, ran along the outside lines of the land. From 1853 until 1872 a building erected by plaintiffs' ancestors stood upon the land in dispute. It was burned in the year last named. During the whole time the land has been occupied by plaintiffs and their ancestor they have claimed to own the property, including the part in dispute.

Under the act of Congress of July 2, 1836, for laying off the city of Dubuque, the land in question was reserved for public use as a highway. See Revision, p. 962. By a subsequent act of Congress this land was granted to the city of Dubuque, "to be disposed of in such a manner as the corporate authorities may direct, subject to the rights of third persons therein or to the use thereof." Act 14th February, 1853.

Prior to the last mentioned enactment the land had not been used as a highway or as public property. For many years prior thereto plaintiffs or their ancestor had occupied it. The public, therefore, had not acquired rights which were protected by the reservation in the act, or which would be affected thereby. The right to dispose of the property was fully conferred upon the city. While holding this title to the property it levied assessments upon the lot, which were paid by plaintiffs—the city thus treating it as plaintiffs' property. Under the doctrines of estoppel the city cannot now deny plaintiffs' right to the land. This would be true if the city held the land for public use exclusively. Dill. Cor., § 533; *Bullis v. Noble*, 36 Iowa, 618.

IV. The plaintiffs are, we think, entitled to the relief sought on the ground that the right of the city to occupy 2. ——: aban- the land for the purposes of a street must be donment of street. regarded as abandoned. Plaintiffs have held possession of the land under claim of right for more than thirty years, and during this long period of time the city has made no attempt or claim of right to open the street. We

have recently held that the right to open a highway established under proceedings authorized by the statute would be regarded as abandoned after many years' occupation by the land owner to the exclusion of the public. *Davies v. Huebner*, 45 Iowa, 574. The principles of that decision lead to a like conclusion in this case.

V. This action having been heard upon oral testimony in the court below, is not triable here *de novo*. The facts stated above are established without conflict in the testimony. Reviewing the case upon the errors assigned, we conclude that the court below erred in holding that the plaintiffs, under the facts, are not entitled to relief. If the court below found the facts other than as stated by us, such finding was without the support of the testimony. The decree of the Circuit Court must be reversed, and the cause will be remanded for a new trial.

REVERSED.

ON REHEARING.

ROTHROCK, CH. J.—A petition for rehearing having been granted, and this cause having been again submitted to us, appellees complain that the original submission was *ex parte*, upon an imperfect abstract, prepared by appellants, and not agreed to by appellee, and upon the rehearing they file an additional abstract, making important corrections in that filed by appellant.

3. PRACTICE in the supreme court: rehearing.

This additional abstract we cannot consider. *Cramer v. The City of Burlington*, 45 Iowa, 627. Rule 19 of this court requires the appellant to file a printed abstract of the record in the cause. Rule 20 provides that if the appellee's counsel shall deem appellant's abstract imperfect or unfair he may file such further or additional abstract as he shall deem necessary to a full understanding of the questions presented to this court for decision. These rules dispense with the necessity of filing transcripts in a large majority of cases. It is the right, however, of the appellee to require appellant

to file a transcript. This right is exercised by motion, and if, upon the motion being made, the transcript be not filed in such reasonable time as may be fixed, the appeal must be dismissed.

This much upon the question of practice raised by the petition for rehearing.

We have again examined the record as it was originally submitted to us, and are satisfied that the statements of fact contained in the foregoing opinion are correct.

Upon those facts we have no doubt of the correctness of our conclusion. The acts of the city council conclusively show an abandonment of any right to the land. They do not appear to be the unauthorized acts of certain officers of the city, but to be the acts of the city council.

The former opinion is adhered to, and the cause is remanded for a new trial.

Former opinion adhered to.