Reuter vs. Lawe.

REUTER, Appellant, vs. LAWE, Executrix, Respondent.

*October 15 — November 4, 1896.*

*Dedication of land for park: Recorded plat: Nonuser: Estoppel in pais.*

1. Where land is dedicated to the public by a private owner so as to vest the title in the donee, until the trustee deems it needed for public use no mere nonuser by the public or actual use by the donor, however long continued, will operate as an abandonment of the property so as to revest the title thereto in the donor; but where private rights have grown up so as to be in equity paramount to the public rights, an equitable estoppel *in pais* may arise for the protection of such rights and the prevention of such injustice.

2. Certain lands were platted and the plat recorded in 1851 by L., in which a certain block was designated as a "public park." From that time until 1878 said park remained in L.'s possession, but no taxes were levied thereon. In 1878 L. platted said park with an adjoining strip as "L.'s Park," tore down the fence about it and constructed a new one, and the property was thereafter taxed as private property. In 1885 a city was incorporated embracing said park, and the act of incorporation adopted said last-mentioned plat. Subsequently the city required L. to build a sidewalk alongside the park, and he made other improvements thereon at considerable expense. *Held*, sufficient to create an estoppel *in pais* against the claim of the public to the land dedicated to it.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action for breach of the covenant of title in a deed of certain real estate. On the 31st day of October, 1851, George W. Lawe was the owner in fee of certain lands situated in the city of Kaukauna, Outagamie county, Wisconsin, including the premises in question. On that day he caused to be made a plat of said lands, subdividing the same into lots and blocks, and on the 31st day of October thereafter caused such plat to be recorded in the office of the register of deeds of such county for the purpose of establishing a legal town plat of the premises, pursuant to the provisions of ch. 41,

R. S. 1849. On such plat the premises in dispute, except lots 5 and 14, are designated as "Public Square." Immediately after the plat was recorded, Lawe commenced selling lots, describing the same according to such plat, and it was, for all purposes, recognized by him and all persons claiming under him, and by the public as well, as a valid town plat, up to the time of the commencement of this action. On the 29th day of May, 1878, the title to the premises in dispute being in Lawe, except as affected by such plat, he joined with Meade and Black in making and placing on record a new plat covering the same and other lands adjoining. Such new plat was named "Lawe, Black & Meade's Addition to Kaukauna." The making and recording of such new plat purported to be for the purpose of subdividing into lots and blocks the premises therein described, and making a legal plat thereof under the laws of the state of Wisconsin respecting the subject. On such new plat, what was designated on the plat of 1851 as "Public Park," with a strip on the northwest side thereof sixty feet wide, in all making a tract 300 feet by 240 feet, was designated as "Lawe's Park." Such park, together with 240 feet by 120 feet on the northwesterly side thereof, subdivided into eight lots, each 120 feet by sixty feet, was designated as "Block 21."

From the time of the recording of the plat of 1851 till the 15th day of July, 1890, Lawe continued in the actual possession of the premises, the same being actually inclosed and used by him throughout substantially the whole period. The public, during such period, asserted no claim thereto, except in so far as the fact that, from the platting of 1851 till that of 1878, the premises were not assessed for taxes, may be held as a recognition of the existence of public rights therein. After such second platting, down to, and inclusive of, the year 1890, the premises were assessed for taxation, and taxed as Lawe's property, and the taxes were paid each year by him, except for the year 1878, till he sold the prop-

erty in 1890, as hereinafter stated. The city of Kaukauna was incorporated by ch. 37, Laws of 1885, by which the aforesaid plats were expressly adopted, and provision was made for an official renumbering of lots by said city, and a replatting and remapping of the premises covered by such plats. Thereafter, pursuant to such power, such proceedings were taken by or under the direction of the common council of said city that on the 1st day of May, 1890, an official plat of the premises was recorded, by which what had theretofore been known as "Lawe's Park" was subdivided into lots numbered 1 to 18, inclusive, of block 21. In 1885, soon after the organization of the city of Kaukauna under its charter, by order of the common council of such city, Lawe constructed a sidewalk along one side of such park. During the spring and summer of 1890, prior to the making of the deed hereinafter mentioned, Lawe incurred some expense in taking out stumps and otherwise improving the premises. On the 15th day of July, 1890, by warranty deed with full covenants, he conveyed the property to plaintiff. On the 17th day of July thereafter, by order of the common council of said city, such premises were stricken from the assessment roll for the year 1890, for the reason that the same had been purchased for school purposes. A purchase for such purposes does not definitely appear. We are left to infer that in some way the conveyance to plaintiff was for the benefit of the corporation for such purposes. In the month of October, thereafter, the city of Kaukauna, by its duly authorized officers, claimed the premises as a public park, by virtue of a dedication thereof by the plat of 1851, and took actual possession of the same under such claim, and so continued up to the commencement of this action.

This action was brought for breach of the covenants of title upon the ground that the claim of the city to the premises, as a public park, was valid, and that Lawe was not the

owner thereof at the time he conveyed the same to the plaintiff. The trial court found that at the time of the making of such deed Lawe was the owner and seised in fee of the premises in dispute, and that plaintiff was such owner and was so seised under the aforesaid deed at the time of the commencement of this action, free from any claim of the city of Kaukauna, and ordered judgment accordingly, dismissing the complaint. Exceptions were taken to raise the questions discussed and referred to in the opinion. Judgment was rendered in accordance with the aforesaid order, and plaintiff appealed.

*Humphrey Pierce,* for the appellant, contended, *inter alia,* that the legislature cannot alien or dispose of property dedicated by a donor to the city in trust for the public. *Warren v. Lyons City,* 22 Iowa, 351; Dillon, Mun. Corp. (4th ed.), § 651, and notes; *New Orleans, M. & C. R. Co. v. New Orleans,* 26 La. Ann. 478; *Newark v. Stockton,* 44 N. J. Eq. 179, 185, 186; *Simplot v. C., M. & St. P. R. Co.* 16 Fed. Rep. 350. The fact that the property was assessed to, and taxes paid thereon by, Lawe does not affect the rights of the public therein, and especially is this true under all the circumstances appearing in the case. *Lemon v. Hayden,* 13 Wis. 159; *Rhodes v. Brightwood,* 145 Ind. 21, and cases cited; *San Leandro v. Le Breton,* 72 Cal. 170; *In re Comm'rs of Public Parks,* 53 Hun, 556; *Ellsworth v. Grand Rapids,* 27 Mich. 250; *Getchell v. Benedict,* 57 Iowa, 121; *Gilman v. Milwaukee,* 55 Wis. 328, 334, 335, and cases cited; Angell, Highways, § 321; *St. Louis v. Gorman,* 29 Mo. 593, 77 Am. Dec. 586; *Thayer v. Boston,* 19 Pick. 511, 31 Am. Dec. 157, 161; *Prather v. Lexington,* 13 B. Mon. 559, 56 Am. Dec. 585, 588; *Lorillard v. Monroe,* 11 N. Y. 392, 62 Am. Dec. 120, 121.

*David S. Ordway,* for the respondent.

MARSHALL, J. Assuming, as appellant contends, that the recording of the plat of 1851, and the subsequent ratification

of it by Lawe and the public, under sec. 5, ch. 41, R. S. 1849, operated to make a valid town plat, and to vest the title to the premises in dispute in the public, notwithstanding non-compliance with statutory requirements, and without regard to any act of acceptance on the part of the public, yet we hold that the doctrine of equitable estoppel *in pais* applies to the case, and effectually bars the public from setting up any claim thereto. That rules this case, and the other questions raised need not be considered.

It is well settled that, though land be dedicated to the public use by a private owner, so as to vest the title in the donee for such use, until, in the judgment of the trustee, the premises are needed for such use, mere nonuser for any period of time will not operate as an abandonment of the property, so as to revest the title thereto in the donor. *Reilly v. Racine,* 51 Wis. 526; *State v. Leaver,* 62 Wis. 393; *Chase v. Oshkosh,* 81 Wis. 313. The title being once vested in the public, the corporation in which it is situated, and upon which devolves the duty to administer the trust, has a broad discretionary power respecting the time when the public interests require the actual enjoyment of the property, as intended by the donor. It can allow such donor, in the meantime, for some purposes at least, to use the property as his own. Neither nonuser by the public, nor such actual use by the donor, standing alone, however long continued, will affect the *status* of the public right. Nowhere is this principle more thoroughly intrenched than in the jurisprudence of this state. We may go further and say that, if the title be once vested in the public under a dedication by a private owner, with or without acceptance by the donee, as circumstances may require, and the property is thereafter erroneously assessed and taxes collected thereon of the donor, that will not, of itself, necessarily affect the rights of the public. That is sustained by numerous well-considered cases cited by appellant's counsel: *Rhodes v.*

*Brightwood* (Ind. Sup.), 43 N. E. Rep. 942; *San Leandro v. Le Breton,* 72 Cal. 170; *Ellsworth v. Grand Rapids,* 27 Mich. 250; *Getchell v. Benedict,* 57 Iowa, 121.

But, notwithstanding what has preceded, it is not an open question in this court that the conduct of a municipal corporation may be such that a change of its position will cause such injustice to those who have relied upon such conduct as to warrant the court in preventing such change by an application of the doctrine of equitable estoppel *in pais.* This subject was so exhaustively discussed in *Paine Lumber Co. v. Oshkosh,* 89 Wis. 449,— opinion by Mr. Justice PINNEY,— that it is needless to go over the matter again at this time. It was there, in effect, held that, though a public corporation cannot alienate public streets and places, and mere laches on its part cannot defeat the public rights thereto, cases may arise where private rights have grown up so as to be in equity paramount to the public rights, and where the prevention of injustice requires the assertion of the doctrine of equitable estoppel *in pais* for the protection of such private rights.

The groundwork of the doctrine is that it would be a fraud in a party to assert what his previous course had denied, when, on the faith of such denial, others have acted. To prevent the injustice a change of position by such party would cause to such others, under such circumstances, where there is no adequate legal remedy, the doctrine of equitable estoppel comes in and does the work. That the equitable rule is applied as freely against the public as against private persons is not maintained, but that the courts may administer justice by its aid, even where that results in controlling the conduct of municipal corporations, when the facts are such, in the judgment of the court, as to demand it to prevent manifest injustice and wrong to private persons, is firmly established. A large number of cases are cited in *Paine Lumber Co. v. Oshkosh, supra,* where this prin-

ciple is maintained, to which may be added *State ex rel. Att'y Gen. v. Janesville Water Co.* 92 Wis. 496, recently decided by this court; also *Los Angeles v. Cohn*, 101 Cal. 373; *Simplot v. C., M. & St. P. R. Co.* 16 Fed. Rep. 360; and *Crocker v. Collins*, 37 S. C. 327.

The plat of 1878, by which what was formerly known as "Public Park," with a small addition, was platted as Lawe's Park; the tearing down of the rail fence about that time, and the construction of a new fence in its place, must be considered, we think, a distinct assertion of a private ownership of the property inconsistent with any public right thereto, and the commencement of possession adverse to the public. The taxing of the property thereafter as private property is a strong circumstance favoring such private ownership and abandonment, to be considered with all the other circumstances in determining whether Lawe was justified in treating it as so abandoned, and in incurring expense in taking care of and improving the same as discharged of any public right thereto. In *Simplot v. Dubuque*, 49 Iowa, 630, the court held that, where lands are granted to a city for public use, and are thereafter occupied by the donor adversely for a long period of time and taxed to him, under the doctrine of equitable estoppel such city cannot subsequently deny the right of such occupant thereto.

In *Getchell v. Benedict, supra,* a distinction is made between cases where the lands taxed are adversely occupied and where not. We do not go so far as to approve the doctrine of *Simplot v. Dubuque, supra,* that the mere circumstances of adverse possession for a considerable length of time and taxation to the adverse occupant and payment of such taxes by him are sufficient to create an estoppel against the municipality. They are evidently important circumstances to be considered with the other facts in the case. The adoption of the second plat by the act incorporating the city of Kaukauna in 1885, the requirement made by such city of Lawe

to build a sidewalk along the side of the park, the construction of such sidewalk, the payment of taxes assessed annually on the property for a long period of years, and the improvement of the property at considerable expense, relying upon the long-continued recognition of private ownership by the municipality, in which all persons interested, so far as appears, acquiesced, with all the other facts and circumstances, show satisfactorily that, if a change of position on the part of the public be now allowed, such injustice and wrong will result as to warrant the application of the doctrine of equitable estoppel *in pais* to prevent such injustice. That, we assume, is the view the trial court took of the case, which answered the alleged breach of the covenants of title in the deed from Lawe to appellant, and sustains the findings and judgment appealed from.

*By the Court.*— Judgment affirmed.