## Continental Rubber Works v. City of Erie

*T. P. Dunn*, for appellant.

*E. M. Murphy*, city solicitor, and *Henry R. Jeffs*, assistant city solicitor, for City of Erie.

HIRT, P. J., May 7, 1937.—This case is here on defendant's rule to quash an appeal from the decision of the board of revision of taxes and appeals.

There is no dispute as to the following facts: On October 6, 1936, plaintiff appealed from the 1936 triennial assessment to the board of revision of taxes and appeals; the minutes of the board of that date show that disposition of the appeal was deferred. On November 9, 1936, the board sustained the assessor. No written notice of that meeting or of the decision of the board was given either to plaintiff or its counsel, though the action of the board was entered in its minute book, which is kept in the office of the bureau of assessments and is there open to inspection. Verbal notice of the decision of the board was given to plaintiff's attorney by the city assessor, but, according to his testimony, he could not be sure that this notice was given before December 1, 1936. The appeal to the court in this case was filed January 22, 1937.

On February 1, 1934, the secretary of the Manufacturers' Association of the City of Erie, in the interests of the members of his association, had asked for an opinion from the city solicitor as to the period for appeal from city tax assessments and received the following reply:

"In response to your request for an opinion, you are hereby informed that those who took appeals to the Board of Revision of Taxes and Appeals will have sixty days to appeal to the Court of Common Pleas from the time they receive their notices. *The sixty days does not commence from the date of the decision of the Board.*" (Italics supplied.)

On the same day a copy of this letter was sent to the members of his association, including plaintiff, and the testimony of the treasurer of plaintiff company is that plaintiff relied on the above opinion of the city solicitor in taking this appeal. It is further admitted that on February 10, 1934, the board adopted their solicitor's opinion in the following resolution:

"Resolved, by the Board of Revision of Taxes and Appeals, That the opinion of the Board of Revision of Taxes and Appeals, as supported by the opinion of the City Solicitor, dated January 31st, 1934, is as follows: 'That the taxpayer has sixty days after the date of receiving notice of revision or refusal of appeal in which to file appeal from said revised or refused appeal in the Court of Common Pleas.' "

The Third Class City Law of June 23, 1931, P. L. 932, sec. 2521, in part provides:

"Any owner of taxable property who may feel aggrieved by the last or any future assessment or valuation of his taxable property may appeal from the decision of the board of revision of taxes and appeals to the court of common pleas of the county within which such property is situated, and, for that purpose, may present to said court, or file in the prothonotary's office, within sixty days after the board of revision of taxes and appeals have held the appeals provided for by law and acted on the said assessments and valuations, a petition signed by him, his agent, or attorney, setting forth the facts of the case."

It is defendant's present contention that plaintiff had 60 days from November 9, 1936, in which to perfect its appeal to this court and that this appeal must be quashed because it was taken after the expiration of that period, though taken within 60 days after notice of the action of the board.

It may be questioned whether or not the duty rests upon the board of revision of taxes and appeals, by the necessary implication of the above statute, to give written notice of its decision to a taxable. Something might be said in support of that contention. However, we are not construing this statute except to say that on the facts in this case, even though the period for appeal expired 60 days after the date of the decision of the board, the city is now estopped from asserting that an appeal taken within 60 days after actual notice of the decision of the board is too late. The general rule is that where one has, with

knowledge of the facts, acted or conducted himself in a particular manner he cannot afterward assume a position inconsistent with such act to the prejudice of another who has acted in reliance on such conduct or representations. We are unable to find an authority directly in point on parallel facts. There is, however, authority on the general principle that estoppel operates to prevent the assertion of a statute: 10 R. C. L. 833, sec. 138. Equitable estoppel may be invoked against a municipality: The Aspinwall-Delafield Co. v. The Borough of Aspinwall, 229 Pa. 1; Reuter v. Lawe, Executrix, 94 Wis. 300, 34 L. R. A. 733. Estoppel operates also against a city where the conduct or representations are those of its mayor and city council, though acting at the time as the board of revision of taxes and appeals.

In this case the mayor and the members of city council, constituting the board of tax revision and appeals, by resolution adopted the opinion of their city solicitor on the construction of the statute in question. This they regarded as the true construction. The opinion of the city solicitor which formed the basis for this action was also communicated to the Manufacturers' Association for the information of plaintiff and other members, and plaintiff relied upon this opinion and took its appeal in accordance therewith. The city solicitor's opinion and the resolution of the board had the effect of inspiring a false sense of security. The obvious import of the resolution and the letter of the city solicitor is that the City of Erie would not take technical advantage of any taxable who failed to file his appeal in the court of common pleas within 60 days after the board had acted upon the appeal from the original assessment. This, in effect, is a constructive fraud upon those who, with knowledge, relied upon the action of the mayor and city council composing the board of tax revision and appeals, and while we are of the opinion that no actual fraud was committed or intended we cannot in conscience permit the city to change its front when by so doing a constructive fraud would result.

And now, to wit, May 7, 1937, the rule granted February 15, 1937, on defendant's motion to quash the appeal, is discharged.