401 P.2d 813

**DALTON HIGHWAY DISTRICT OF KOOT-ENAI COUNTY, State of Idaho, Plaintiff-Appellant,**

v.

**Charles Gordon SOWDER and Elizabeth Sowder, husband and wife, Defendants-Respondents.**

**No. 9534.**

Supreme Court of Idaho.

May 4, 1965.

[redacted]

Felton & Bielenberg, Moscow, for appellant.

[redacted]

C. J. Hamilton, Coeur d'Alene, for respondents.

McQUADE, Chief Justice.

During the year 1919 appellant, Dalton Highway District (then known as the Dalton Gardens Highway District), condemned land owned by the Hillyard Townsite Company for a right-of-way which terminated at the shores of Hayden Lake, Kootenai County. In the year 1920 Hillyard Townsite Company deeded property to Atlas Tie Company, which deed described a portion of the property now claimed by the respondents, Sowders.

At approximately this time Atlas Tie Company established a railroad for logging purposes over the property presently owned by the respondents. A portion of the railroad trackage was constructed on a trestle which extended into Hayden Lake. The northerly boundary of the railroad track approximately coincided with that boundary claimed by respondent Sowder to be the true boundary. This railroad track was subsequently removed.

Atlas Tie Company in 1945 conveyed this land by quitclaim deed to respondent, Charles Gordon Sowder, now a married man. Sowder commenced making improvements on the property. He secured a copy of a plat of a survey of this land,

which had been prepared by the County Surveyor of Kootenai County. This plat showed the boundaries of his property to be approximately where respondent contends they should be. Sowder purchased this plat from Dalton Highway District. Following purchase of the land, but previous to 1956, respondent had various conversations with members of the Board of Commissioners of the Dalton Highway District. The conclusion reached from these conversations was that the then existing boundary was acceptable to both parties. During various conversations with individual members of the Board of Trustees of the Dalton Highway District, they agreed that the boundary as depicted by an existing fence line was a correct representation of the true boundary.

On September 16, 1955, respondent Sowder secured a title insurance policy relating to his property, which specifically excepted from the coverage of the policy:

"8. Any portion of said land acquired by the Dalton Highway District, a municipal corporation under the Judgment and Final Decree of Condemnation filed February 22 1919 and recorded in Book 10 of Judgments page 32, under Suit No. 5682 in the District Court of the Eighth Judicial District of Kootenai County, State of Idaho. As modified by agreement entered into between Hillyard Townsite Company, a corporation and Dalton Gardens Highway District, recorded in book 4 of Misc. Records page 625 on May 7 1919."

Sometime during the years 1955 and 1956, respondent Sowder conveyed to Richard A. Trzuskowski by quitclaim deed the west 80 feet of his land described in the quitclaim deed from Atlas Tie Company. Sowder testified that his conveyance to Trzuskowski was by quitclaim deed because of the confused state of his title and that he did not wish to warrant title.

Sowder first knew of a question concerning boundary lines in 1949 when new (surveyor) stakes appeared in the vicinity of his property. He was subsequently advised of the supposed true nature of the existing property lines by the members of the Board of Commissioners of the Dalton Highway District.

On August 7, 1961, Hugh Lockridge, a licensed land surveyor, began a survey of the land in question at the direction of Dalton Highway District. Lockridge testified that a discrepancy existed between the descriptions of the lands of the parties. This survey was completed sometime in September of 1961. This action was commenced by the Dalton Highway District on November 21, 1961, to quiet title to that portion of property previously obtained from Hillyard Townsite Company .

by an agreement in 1919 and now occupied by the respondents.

Sowders cross-claimed to quiet title in themselves to the property in question and a judgment was entered quieting title in them. The Highway District has appealed, contending that it is protected by sovereign immunity of the state and its political subdivisions and because of such immunity, the state and its political subdivisions are not subject to a claim of adverse possession; that if title is quieted in respondents, such title must be limited to those respondents mentioned specifically in the cross-complaint. Dalton Highway District also appeals as to costs assessed against it.

To meet the contentions of the Highway District, Sowders assert that the Highway District is estopped from asserting governmental immunity.

Subsection 1 of I.C. § 40–1610 is as follows:

"Corporate powers of highway districts.—Each such highway district has power:

"1. To sue and be sued."

■ Because a highway district can sue and be sued, it cannot enjoy governmental immunity.

■ Highway districts, while body politic and corporate of the state, from whose sovereignty they receive their authority, "are in the category of purely business and proprietary corporations." Murtaugh Highway District v. Twin Falls Highway District, 65 Idaho 260, 142 P.2d 579 (1943). See also In re Rogers, Randall & Pitzen, 56 Idaho 521, 57 P.2d 342 (1936); Strickfaden v. Greencreek Highway Dist., 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057 (1926).

■ Equitable estoppel may be applied in cases involving highway districts. Murtaugh Highway District v. Twin Falls Highway District, supra.

Equitable estoppel was applied by this court in Boise City v. Wilkinson, 16 Idaho 150, 102 P. 148 (1909). Justice Ailshie, concurring in the opinion of Chief Justice Sullivan, outlined the rule in the area of equitable estoppel for the protection of private rights. In that case he said:

"We recognize the fact that ordinarily the doctrine of laches and estoppel may not be invoked against a municipality on account of the action or inaction or conduct of its public officers. This, however, is more especially true with reference to their acts and conduct in governmental and purely municipal affairs. It has never been held with the same strictness in reference to purely business and proprietary matters and transactions."

See also Paine Lumber Co. v. City of Oshkosh, 89 Wis. 449, 61 N.W. 1108 (1895); City of Chicago v. Sawyer, 166 Ill. 290, 46 N.E. 759 (1897); and Reuter v. Lawe, 94 Wis. 300, 68 N.W. 955, 34 L.R.A. 733 (1896).

In Boesiger v. Freer, 85 Idaho 551, 381 P.2d 802 (1963), as relating to elements of estoppel, this court quoted with approval from 19 Am.Jur. § 42 at page 642:

"The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially."

See also Swanson v. State, 83 Idaho 126, 358 P.2d 387 (1960).

■ The doctrine of equitable estoppel cannot be subjected to fixed and settled rules of universal application, like legal estoppels, or hampered by the narrow confines of a technical formula, 171 A.L.R. 106.

The trial court made no finding, nor is there evidence in the record, of conduct on the part of appellant intentionally to mislead respondents in their use of the property which they believed to be their own. The trial court did find, however, that there were misrepresentations of material fact by appellant upon which respondents relied. Representations by officers of appellant were made, although erroneous, upon which the respondents relied and were justified in so relying.

The inequitable conduct on the part of officers of the Highway District was that of representing one fact and now asserting another, even though such representations were not found by the trial court to have been made with the intention of misleading the respondents concerning title to the disputed land.

There is ample evidence that irreparable injury would result to the Sowders if the Highway District is permitted to prevail. After the acquisition of title insurance, respondents built a sea wall, which they claim was necessary to the preservation of the property. While Sowders were placed

on notice as to a cloud upon their title, it appears that they made a determined effort to ascertain the true boundary of their land and that of the Dalton Highway District. After Sowders secured title insurance upon the property and such insurance policy excepting from its coverage all property of the Highway District, Sowders were still unaware of the true boundary of their land.

The case relied upon by the Dalton Highway District, Rich v. Burdick, 83 Idaho 335, 362 P.2d 1088 (1961), relates to adverse use of a public highway. The holding of this court in the Burdick case is that long and continuous possession of public lands will not ripen into ownership, even though accomplished through the express permission of the public authority. Permissive possession is not to be confused with misrepresentations as to ownership. The nature of the case at hand, being by misrepresentation of a body politic and corporate, acting in a proprietary capacity, distinguishes the Burdick case.

█ In consideration of all the facts, the equities are with the respondents and the judgment of the trial court must be sustained. However, the trial court erred by entering judgment and quieting title in one Richard A. Trzuskowski. There is no indication in the record that Trzuskowski, who received property from Sowder by quitclaim deed, appeared as a party of record, either personally or through an attorney. His rights are in no wise affected by the judgment herein.

█ Another error assigned on appeal by the Dalton Highway District is the assessment of costs. The cost bill was filed within the time limit required by I.C. § 12–113. Appellant made a motion for the trial court to tax costs and the motion itemized those costs claimed to be improper. The trial court made no disposition of this motion. Costs as requested in the cost bill were entered in the judgment. Appellant contends that it was not notified of the entry of costs and was unaware they were in the judgment until the transcript was received in connection with the appeal.

The cost bill lists items not properly taxable as costs.

The trial court will tax costs.

Judgment affirmed and the cause is remanded with directions to the trial court to tax costs.

Costs to respondents.

McFADDEN, TAYLOR and SMITH, JJ., concur.

CRAMER, District Judge, concurs in the conclusions reached.