654 P.2d 911

**Barry L. CURRY, and Bernadette Wanders, Plaintiffs-Respondents,**

v.

**ADA COUNTY HIGHWAY DISTRICT, Defendant-Appellant.**

**No. 13621.**

Supreme Court of Idaho.

Dec. 1, 1982.

John Fredrick Mack, of Langroise, Sullivan & Smylie, Boise, for defendant-appellant.

E. Don Copple, of Davison, Copple, Copple & Copple, Boise, for plaintiffs-respondents.

ON DENIAL OF PETITION
FOR REHEARING

DONALDSON, Justice.

Plaintiffs-respondents brought an action against the defendant-appellant to quiet title to a 10 foot-wide strip of land upon which part of their house rests. The dis-

trict court was presented with cross-motions for summary judgment. Relying upon a theory of estoppel, the district court granted summary judgment in favor of the plaintiffs. The Highway District appeals. We reverse.

The controversy revolves around a right-of-way which runs along the south side of a parcel of land owned by the respondents. The respondents' property was originally subdivided in 1903 by its then owner. In January 1903 a plat designated as "Scott's Fourth Subdivision" was presented for filing to Ada County. This plat which dedicated a 50 foot-wide right-of-way was accepted and properly recorded. A parcel referenced to this plat was subsequently sold to the Steins who in September 1911 drew up and presented to Ada County for filing a second plat designated as "Stein's First Addition" covering this purchased property. This second plat which purported to reduce the 50 foot-wide right-of-way to a 30 foot-wide right-of-way was accepted and recorded. Of the 20 foot-wide strip which resulted from the difference in the rights-of-way, the northernmost 10 foot-wide portion adjacent to respondents' property is at issue in this quiet title action. Respondents, whose house was built approximately 50 years ago on part of the disputed strip, claim that their ownership interest embraces this 10 foot-wide strip.

█ The district court properly concluded that the filing of the second plat did not constitute a vacation of the northern 20 feet of the original 50 foot-wide right-of-way. *See Pugmire v. Johnson,* 102 Idaho 882, 643 P.2d 832 (1982); *Boise City v. Fails,* 94 Idaho 840, 499 P.2d 326 (1972); *Hanson v. Proffer,* 23 Idaho 705, 132 P. 573 (1913); *Boise City v. Hon,* 14 Idaho 272, 94 P. 167 (1908). The principal issue presented on this appeal is whether the doctrine of equitable estoppel should apply as a matter of law to prevent the Ada County Highway District from claiming an ownership interest in a 10 foot-wide portion of a right-of-way adjoining respondents' property.

█ The doctrine of equitable estoppel may be applied against a highway district.

*Dalton Highway District of Kootenai County v. Sowder,* 88 Idaho 556, 401 P.2d 813 (1965); *Murtaugh Highway District v. Twin Falls Highway District,* 65 Idaho 260, 142 P.2d 579 (1943). This Court with regard to the elements of estoppel has often quoted with approval from 19 Am.Jur., Estoppel § 42, at 642–43 (1939):

"The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially." *E.g., Tew v. Manwaring,* 94 Idaho 50, 53, 480 P.2d 896, 899 (1971); *Dalton Highway District of Kootenai County v. Sowder, supra* at 562, 401 P.2d at 815; *Boesiger v. Freer,* 85 Idaho 551, 559, 381 P.2d 802, 806–07 (1963).

However, in *Dalton* we also recognized that "[t]he doctrine of equitable estoppel cannot be subjected to fixed and settled rules of universal application, like legal estoppels, or hampered by the narrow confines of a technical formula . . . ." *Dalton, supra* at 562, 401 P.2d at 815; *see also City of Nampa v. Swayne,* 97 Idaho 530, 534, 547 P.2d 1135, 1139 (1976).

█ The respondents argue that by accepting the second plat Ada County was served actual and constructive notice that the right-of-way was 30 and not 50 feet wide and is therefore estopped from asserting an ownership interest in the disputed property. The trial court concluded that "Ada County, the governmental authority at the time entrusted with the responsibility of reviewing and recording plats, accept-

820

ed and filed the revised plat with the thirty (30) foot street not a fifty (50) foot street and in reliance upon that plat the Plaintiffs' predecessors located and built the house involved in this matter." As a matter of law, we disagree with the trial court's grant of summary judgment in favor of the respondent. When the second plat was recorded there existed no statutory duty incumbent upon the county recorder to investigate the legal description of property referred to in the document to be recorded. Idaho Revised Codes Sec. 2069 (1908) (effective in 1911).[1] The duty rested upon the party desiring to record a document to insure that the document accurately described the property involved. Idaho Revised Codes Sec. 2301 (1908) (effective in 1911).[2] At the time the second plat was recorded there existed a statutory method by which to effect a vacation of a plat. Idaho Revised Codes Sec. 2306 (1908). The trial court properly concluded that the filing and acceptance of the second plat did not constitute a vacation of the first.

From our examination of the record, we find no allegations of conduct on the part of the highway district or its predecessors in authority sufficient to invoke the doctrine of equitable estoppel. In the absence of a valid vacation of the first plat or grounds for equitable estoppel and being mindful of our holding in *Rich v. Burdick,* 83 Idaho 335, 362 P.2d 1088 (1961) (denying application of an adverse possession theory against the public), we conclude that the decision of the trial court must be reversed.

This cause is remanded for further proceedings.

Attorney fees denied on appeal.

BAKES, C.J., and McFADDEN, BISTLINE and SHEPARD, JJ., concur.

BISTLINE, Justice, specially concurring.

Initially I saw the opinion of the trial judge as well written and reaching what is certainly a just determination. However, a majority of the Court is quite convinced and convincing that, although an estoppel may be worked against a highway district, a critical element of estoppel is missing from the underlying set of facts giving rise to this controversy.

It seems to me that if a technical application of the principle of estoppel precludes relief, the least which the Court should do, as it often does, would be to examine the record to see if the trial court decision might yet be upheld on another theory. For instance, it may be that had the Currys been given the opportunity on remand, they may have been able to establish an abandonment—which may include an estoppel with less stringent requirements. The highway district to all outward appearances had abandoned the property to which it fell heir—*never* using or claiming it. As a result, a house was built partly on the property, which was at the same time on platted property showing ownership in the Currys, the two plats overlapping. The element assessed in the Court's opinion as critical to

1. "Sec. 2069. When any instrument, paper or notice, authorized by law to be recorded, is deposited in the recorder's office for record, the recorder must indorse upon the same the time when it was received, noting the year, month, day, hour and minute of its reception, and at once enter it in the proper index, and must record the same without delay, together with the acknowledgments, proofs and certificates, written upon or annexed to the same, with the plats, surveys, schedule and other papers thereto annexed, in the order and as of the time when the same was received for record, and must note at the foot of the record the exact time of its reception, and the name of the person at whose request it was recorded." Idaho Revised Codes Sec. 2069 (1908).

2. Section 2301 read in pertinent part as follows:

"Sec. 2301. The correctness of said plat must be certified to by the surveyor making the survey, said certificate to contain a correct description of the land included in said plat, and the owner or owners of the land included in said plat, shall also make a certificate containing the correct description of the land with the statement as to their intentions to include the same in the plat, and must also make a deed of donation of all streets and alleys, shown on said plat, which certificates and deeds shall be acknowledged before some officer duly authorized to take acknowledgments of deeds, and shall be indorsed on the plat and be recorded and form part of the record." Idaho Revised Codes Sec. 2301 (1908).

an estoppel theory, but missing, is not required in abandonment.

In *Sharpp v. Stodghill,* 191 Ark. 500, 86 S.W.2d 934, 936 (1935), the Arkansas Supreme Court, citing Thompson on Real Property, vol. 3, p. 565 for the proposition that an abandonment of real property ownership can only take place by "the act of leaving the premises vacant so that they may be appropriated by the next occupant, and the intention of not returning," held in that case that there had been such an abandonment by the owner. Of importance to this case is that that court also declared that "the abandonment of real property does not confer title on the next occupant or any other person, but it disentitles the person who has abandoned it to reclaim it." 86 S.W.2d at 936. That court went on to hold that abandonment, to effectively change ownership must be shown "to have been accompanied by circumstances of estoppel and limitations." 86 S.W.2d at 935. Estoppel, of course, does have to do with leaving the property vacant so as to give the appearance of having been deserted and abandoned—thus inviting others to move on and make improvements; limitations are a consideration in passing upon the necessary elements of a claim of adverse possession which is alleged to have resulted in the creation of a new title. In Arkansas it seems then that estoppel in conjunction with nonuse apparently amounting to abandonment may disentitle the owner from reclaiming it, which seems to be this case.

An earlier Arkansas case, *Carmichael v. Arkansas Lumber Co.,* 105 Ark. 663, 152 S.W. 286 (1912), made it clear "that before the plea of laches can be available to deprive the true owner of his land, it must be shown that the party claiming the same and his grantors have, prior to the commencement of the suit, paid the taxes of the land under color of title for at least seven years, the statutory period of limitation." 152 S.W. at 288. The Arkansas court, quoting an earlier case, *Osceola Land Co. v. Henderson,* 81 Ark. 432, 100 S.W. 896, 898 (1907), stated:

> " 'Mere delay does not, of itself, bar the plaintiff. Laches in legal significance is not mere delay, but delay that works a

disadvantage to another. So long as the parties are in the same condition, *it matters little whether one presses a right promptly or slowly within the limits allowed by law;* but when, knowing his rights, he takes no steps to enforce them until the condition of the other party has in good faith so changed that he cannot be restored to his former state if the right be then enforced, delay becomes inequitable and operates as estoppel against the assertion of the right.' " 152 S.W. at 288 (emphasis added).

Rather clearly the Arkansas court in application of its doctrine of divestiture of title by abandonment coupled with laches and limitations, has stated very nearly the rule which ought to obtain in this jurisdiction, a rule which may be applicable to the harsh facts of this case.

## ON DENIAL OF PETITION FOR REHEARING

The majority opinion having been revised so as to now allow the district court an opportunity to further hear from the parties, and having made accommodating alterations in my earlier effort, I continue to join the majority opinion, being in full agreement that further development of the law attendant to the case is better done in the first instance in the district court.