878 P.2d 800

**Alan BRANDT, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20690.

Court of Appeals of Idaho.

April 29, 1994.

Petition for Review Denied Aug. 17, 1994.

---

Alan Brandt, pro se.

Larry EchoHawk, Atty. Gen., Robert R. Gates, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

This is an appeal from the magistrate's dismissal of a petition for writ of habeas corpus. Petitioner-appellant Alan Brandt contends that he was deprived of his tentative parole release date without due process of law by the Idaho Commission of Pardons and Parole (Commission). Because we find that Brandt had no liberty interest in an erroneously granted parole eligibility date, we affirm the dismissal of his petition.

Brandt was convicted in 1984 for seven different offenses in four separate criminal cases. For these crimes he received three concurrent sentences of twelve years, twelve years and five years, respectively; three additional sentences of twenty years, two years and 90 days to be served consecutive to the first three but concurrently with each other; and a final ten-year sentence for robbery to be served consecutively to all others previously imposed.[1] The sentences for four of

---

1. Brandt's convictions and sentences can be separated into three groups. The first group consists of three cases:

| Case No. | Crime | Length of Sentence |
| --- | --- | --- |
| CR 1893-3-84 | Grand Theft | 12 years |
| CR 1902-4-84 | Grand Theft by Disposing of Property | 12 years |
| CR 1905-4-84 | Second Degree Burglary | 5 years |

These three sentences ran concurrently with each other.

The second group consists of one case with three counts:

| Case No. | Crime | Length of Sentence |
| --- | --- | --- |
| CR 1931-8-84, count I | Escape and Persistent Violator | 20 years |
| CR 1931-8-84, count II | Injury to Jail Property | 2 years |
| CR 1931-8-84, count III | Misdemeanor Assault | 90 days |

The sentences in the second group ran concurrently with each other and consecutively to the first group of sentences.

The final conviction was:

these convictions were challenged and affirmed on a previous appeal. *State v. Brandt,* 110 Idaho 341, 343, 715 P.2d 1011, 1013 (Ct.App.1986). On March 15, 1991, Brandt was paroled from the first set of sentences and began to serve the second group. This parole did not result in Brandt's release, but rather was an institutional parole. Brandt's custody status did not change.

On April 25, 1991, Brandt filed a petition for commutation of his remaining sentences with the Commission of Pardons and Parole.[2] At a hearing on that petition on October 22, 1991, Brandt was informed that the petition was being denied but that he was granted a "tentative parole release date" of October 22, 1992. In actuality, Brandt was not eligible for parole until 1996 due to the final ten-year consecutive sentence for robbery which he had not begun to serve. At the October 22, 1991, hearing, however, Brandt was not informed of the remaining consecutive sentence and allegedly did not realize that this sentence remained to be served. On July 9, 1992, Brandt was reported to have committed a disciplinary offense. As part of a routine review of his file stemming from the alleged disciplinary offense, the executive director of the Commission discovered the error in the previously calculated tentative parole date. As a result of this discovery, the Commission on October 10, 1992, informed Brandt via a brief memorandum that his tentative parole release date had been vacated and that his new tentative release date would be in July 1996.

On October 23, 1992, Brandt filed the current petition for writ of habeas corpus pursuant to I.C. § 19–4202. Brandt's petition was dismissed by the magistrate. Brandt subsequently appealed to the district court, which affirmed the magistrate's dismissal order.

| Case No. | Crime | Length of Sentence |
|---|---|---|
| CR 1931–8–84, count IV | Robbery | 10 years |

The sentence for this offense ran consecutively to the sentences in the first group and the second group.

■ We are now called upon to review the appellate decision of the district court. In doing so, we review the record of the proceedings before the magistrate independently while giving due consideration to the analysis of the district court. *Brennan v. State,* 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App.1992); *Sivak v. Ada County,* 118 Idaho 193, 195, 795 P.2d 898, 900 (Ct.App.1990). A dismissal of a petition for habeas corpus is reviewed for an abuse of discretion. *Johnson v. State,* 85 Idaho 123, 127, 376 P.2d 704, 705 (1962); *Brennan,* 122 Idaho at 914, 841 P.2d at 444.

## DUE PROCESS

Brandt first contends that he was deprived of liberty without due process, in violation of the Fourteenth Amendment to the United States Constitution, when the Commission rescinded his tentative release date without first according Brandt a hearing. The state counters that the Commission's announcement of a tentative parole date did not create a protected liberty interest.

Brandt relies upon *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The United States Supreme Court there held that the unique structure of Nebraska parole statutes created for parole-eligible inmates a legitimate expectation of parole which was entitled to some degree of protection under the due process clause. However, the *Greenholtz* court also held that where a state's parole system creates only a *possibility* of parole— not an entitlement thereto upon satisfaction of eligibility requirements—the inmate's mere hope for conditional release is not protected by due process. *Id.* at 11, 99 S.Ct. at 2105.

■ In two post-*Greenholtz* decisions, both the Idaho Supreme Court and this Court have held that Idaho's parole statute,

2. Brandt filed this petition at the urging of the Commission. At the time that Brandt's first institutional parole was granted, the Commission suggested that he consider filing a petition for commutation of his sentences.

I.C. § 20–223(c),[3] does not create a constitutionally protected liberty interest in receiving parole. *Izatt v. State,* 104 Idaho, 597, 600, 661 P.2d 763, 766 (1983); *Vittone v. State,* 114 Idaho 618, 620, 759 P.2d 909, 911 (Ct. App.1988). Therefore, the only procedural safeguards to which an inmate is entitled are those expressly provided by statute. *Id.*

Brandt argues, however, that even if no liberty interest is created by Idaho's statutory scheme for parole, the Commission's conduct in notifying Brandt of a parole release date was sufficient to create a liberty interest safeguarded by due process rights. A similar claim was addressed by the United States Supreme Court in *Jago v. Van Curen,* 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981). There, the Ohio Adult Parole Authority had notified petitioner Van Curen of an initial decision to grant him "shock parole." Van Curen attended pre-release classes and was fitted for civilian clothes. Subsequently, the parole authority discovered that information given by Van Curen in his parole interview and his parole plan was not entirely truthful, and the tentative parole date was revoked without a hearing. The Supreme Court, rejected Van Curen's argument that the conduct of the parole authority created a liberty interest:

> We do not doubt that respondent suffered 'grievous loss' upon OAPA's rescission of his parole. But we have previously 'reject[ed] ... the notion that *any* grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause.' *Meachum v. Fano,* 427 U.S. 215 [96 S.Ct. 2532, 49 L.Ed.2d 451] (1976).

*Id.* at 17, 102 S.Ct. at 34. The Court held that the initial mutual understanding that Van Curen would be released did not give rise to a liberty interest entitled to due process protections. Rather, the Court reiterated its holding in *Connecticut Board of Par-*

*dons v. Dumschat,* 452 U.S. 458, 465, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981), that, with respect to parole, "The ground for a constitutional claim, if any, must be found in statutes or other rules defining the obligations of the authority charged with exercising clemency." *Jago,* 454 U.S. at 20, 102 S.Ct. at 35.

We find the *Jago* decision to be controlling under the facts presented here. Although Brandt and the Commission had a mutual, albeit mistaken, understanding that he was entitled to be paroled, the Commission's decision was subject to revocation under the rules of the Commission as they existed at the time of the Commission's acts now challenged by Brandt. Rule 50.14(5), I.D.A.P.A., then provided: "All release dates granted by the Commission are tentative, subject to an approved parole plan and no disciplinary problems nor adverse information presented to the Commission prior to release." The rules also stated:

> All release dates granted by the Commission are tentative and after the release date has been granted, but prior to release, if pertinent information is received that was not available at the time the date was granted and/or inmate receives a Disciplinary Offense Report (DOR), Executive Director will determine whether to hold release in abeyance until the case can be reviewed by the Commission at the next session.

I.D.A.P.A. 50.14(10)(a) (1987). It is therefore clear that the tentative release date upon which Brandt relies was nothing more than that—tentative. Brandt was obviously aware of the fragile nature of this tentative date since, when receiving the disciplinary offense report, he wrote the Commissioners and implored them not to change their minds about his parole. Because Brandt had not served the minimum period of confinement required by his sentence, he was not eligible for parole

---

**3.** I.C. § 20–223(c) provides:

> Before considering the parole of any prisoner, the commission shall afford the prisoner the opportunity to be interviewed. A parole shall be ordered only for the best interests of society when the commission reasonably believes that the prisoner no longer poses a threat to the safety of society, not as a reward of clemency

> and it shall not be considered to be a reduction of sentence or a pardon. A prisoner shall be placed on parole only when arrangements have been made for his employment or maintenance and care, and when the commission believes the prisoner is able and willing to fulfill the obligations of a law abiding citizen.

as of October 1992. Even if eligible, under Idaho's statutes he would have had no entitlement to parole. The Commission's conduct in advising Brandt of a tentative release date created only a hope, not a constitutionally protected expectancy, that he would be released at that time. We do not doubt that Brandt suffered a great disappointment when this tentative release date was revoked. However, like the "grievous loss" recognized by the Supreme Court in *Jago v. Van Curen, supra,* this disappointment is not a loss of liberty against which the due process clause affords protection or for which we may provide a remedy.

### ESTOPPEL

Brandt argues alternatively that the Commission's negligent conduct in granting him a tentative release date and his reliance upon that representation should estop the Commission from now denying him parole. He contends that he relied upon this tentative release date by preparing a parole plan, including finding a residence where he could live after leaving prison, applying to numerous drug and alcohol treatment programs, attempting to find employment and contacting a church organization.

■ Estoppel, which is an equitable doctrine, cannot ordinarily be applied to a governmental agency acting in its sovereign capacity. *Hubbard v. Canyon County Commissioners,* 106 Idaho 436, 437, 680 P.2d 537, 538 (1984); *Harrell v. City of Lewiston,* 95 Idaho 243, 247–48, 506 P.2d 470, 474–75 (1973); *State v. Adams,* 90 Idaho 195, 201, 409 P.2d 415, 419 (1965). *But see Curry v. Ada County Highway District,* 103 Idaho 818, 654 P.2d 911 (1982) (applying equitable estoppel to a highway district due to its proprietary nature); *Dalton Highway District of Kootenai County v. Sowder,* 88 Idaho

556, 401 P.2d 813 (1965) (same). The control of penal institutions and the parole of convicted criminals are functions of the state as a sovereign. Therefore, under Idaho's jurisprudence, Brandt's claim of estoppel would ordinarily be precluded.

■ Brandt contends, however, that in some circumstances the government's conduct is such that estoppel does apply even when the government is acting as a sovereign. He refers us to *Johnson v. Williford,* 682 F.2d 868 (9th Cir.1982), where a convicted felon, sentenced to a term of ten years without possibility of parole, was mistakenly granted parole and lived at large for fifteen months. Despite his ineligibility, the prisoner in *Johnson,* was considered for parole on eight separate occasions and was eventually released on parole after a full hearing. When the mistake was discovered fifteen months later, the parole was revoked. The Ninth Circuit Court of Appeals held that the interests of justice and fair play required that the government be estopped from then denying the inmate's parole eligibility, stating:

> '[W]here justice and fair play require it' estoppel will be applied against the government, even when the government acts in its sovereign capacity if the effects of estoppel do not unduly damage the public interest.

*Id.* at 871 *citing United States v. Lazy FC Ranch,* 481 F.2d 985, 989 (9th Cir.1973). *See also United States v. Wharton,* 514 F.2d 406 (9th Cir.1975).

We note that in addition to the Ninth Circuit Court of Appeals, numerous other jurisdictions have allowed estoppel to be applied against the government in its sovereign capacity under limited circumstances.[4] How-

---

4. *See Hansen v. Harris,* 619 F.2d 942, 959 (2nd Cir.1980); *Corniel–Rodriguez v. I.N.S.,* 532 F.2d 301 (2nd Cir.1976); *Walsonavich v. United States,* 335 F.2d 96 (3rd Cir.1964); *Simmons v. United States,* 308 F.2d 938, 945 (5th Cir.1962); *United States v. Fox Lake State Bank,* 366 F.2d 962 (7th Cir.1966); *Municipality of Anchorage v. Schneider,* 685 P.2d 94 (Alaska 1984); *Colorado Water Quality Control Commission v. Town of Frederick,* 641 P.2d 958, 964 (Colo.1982); *Yamada v. Natural Disaster Claims Comm'n,* 54 Haw. 621, 513 P.2d 1001 (1973); *Southern Nevada*

*Memorial Hospital v. State Dept. of Human Resources,* 101 Nev. 387, 705 P.2d 139, 141 (1985); *Burdick v. Independent School Dist. No. 52 of Oklahoma County,* 702 P.2d 48, 53 (Okl.1985). *But see Green v. Christiansen,* 732 F.2d 1397, 1399 (9th Cir.1984) (ministerial error in failing to place detainer on released prisoner does not create estoppel); *State v. Price,* 715 P.2d 1183, 1186 (Alaska Ct.App.1986) (estoppel will not bar correction of illegally imposed sentences); *State v. Bandics,* 107 Nev. 48, 805 P.2d 66, 68 (1991)

ever, whatever merit there may be in this argument for application of estoppel against the government, we may not address it here, for Brandt did not present this issue to the magistrate. Issues not raised before the trial court may not be introduced on appeal. *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991); *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991). Brandt's petition for habeas corpus does not assert nor discuss any theory related to estoppel. Although he did present an estoppel argument to the district court in his intermediate appeal, our review is restricted to those issues raised to the trial court—in this case, the magistrate.

### OTHER ARGUMENTS

Brandt makes additional arguments regarding the applicability of I.C. § 20–224 and I.C. § 19–2515 to the proceedings involving him as well as whether the conduct of the Commission violated his Eighth Amendment right to be free from cruel and unusual punishment. These arguments are without merit and do not warrant further discussion.

### CONCLUSION

However regrettable the Commission's conduct in elevating Brandt's hope of early release, Brandt was not eligible for such release and the Commission was without authority to grant it. While it is unfortunate that the Commission did not act with greater care in arriving at Brandt's tentative release date, or with greater sensitivity when informing him of the error, no due process deprivation occurred because no constitutionally protected liberty interest has been affected.

Brandt's failure to assert an estoppel claim before the magistrate precludes us from considering that issue.

The judgment of the magistrate and the appellate order of the district court are affirmed.

WALTERS, C.J., and PERRY, J., concur.

(mere ministerial error in allowing parole of convicted felon is not basis for estoppel).