(May 9, 1914.)

CITY OF KELLOGG, Appellant, v. A. P. McRAE et al., as County Commissioners of Shoshone County, Respondents.

[141 Pac. 86.]

COMPLAINT—GENERAL DEMURRER—COUNTY COMMISSIONERS—ROAD DISTRICTS — HIGHWAYS — JURISDICTION OVER WITHIN CITY LIMITS—BRIDGES—CONSTRUCTION OF—STATUTORY CONSTRUCTION.

    1. *Held*, under the statutes of this state that the city council or village trustees of incorporated cities and villages have the exclusive control of the streets and highways within such corporate limits, and have full power to construct bridges and repair and maintain the same within such corporate limits.

    2. *Held*, that the board of county commissioners have not the control of the roads and bridges within the corporate limits of a city or village, and that they are not required, under the law, to construct and maintain bridges exceeding sixty feet in length at the expense of the county, over streams crossing highways within such corporate limits.

APPEAL from the District Court of the First Judicial District, in and for Shoshone County. Hon. W. W. Woods, Judge.

Application for a writ of mandate to compel the board of county commissioners to construct a bridge over the south fork of the Coeur d'Alene river where it runs through the corporate limits of the town of Kellogg. Writ denied. *Affirmed.*

Z. F. Pattison, for Appellant, cites no authorities.

Carlton Fox, for Respondents.

Sec. 2230, subd. 16, Rev. Stat. of 1887, giving towns and villages the right "to keep in repair, and unobstructed from rubbish, filth, or other deleterious substance, all highways, streets and alleys within such town or village," conferred

exclusive jurisdiction upon such town or village over such highways, streets and alleys, and therefore the board of county commissioners could not authorize its road overseer, or any road overseer, to go within the limits of any organized town or village to repair or in any way interfere with its streets and alleys.

The reasoning of this case is peculiarly applicable to the case at bar, for the reason that our present laws defining the jurisdiction of incorporated towns and villages over their highways, streets and alleys are much broader than was the law construed in this decision.

In construing sec. 81, act of 1899 (Sess. Laws 1899, p. 208), which is identical with sec. 2242, Rev. Codes (being the section relied on by appellant), together with sec. 887, Rev. Stat. of 1887, which is substantially the same as sec. 893, Rev. Codes (*supra*), the supreme court of this state held that thereby all control over roads within incorporated cities or villages was taken away from the board of county commissioners. To the same effect is the *Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810.

SULLIVAN, J.—This action was brought in the district court for a writ of mandate commanding the board of county commissioners of Shoshone county to remove a bridge which is situated across the south fork of Coeur d'Alene river within the limits of the city of Kellogg, and to compel them to build or construct a new bridge across said stream. A general demurrer was interposed to the amended complaint and sustained by the court, whereupon the plaintiff refused to plead further and judgment of dismissal was entered. This appeal is from said judgment.

The action of the court in sustaining the demurrer is assigned as error, and the question is directly presented whether the county under the law is required to construct and keep in repair said bridge, which it is alleged is more than sixty feet in length, and the contention is based on the provisions of sec. 2242, Rev. Codes, as amended by the twelfth session of the legislature (see Sess. Laws 1913, p. 51). Said section

provides, among other things, that "All public bridges exceeding sixty feet in length over any stream crossing a state or county highway shall be constructed and kept in repair by the county."

The bridge in question is essential to, and the only means of travel from, that portion of the county lying on one side of the city of Kellogg to that portion of the city lying on the other side thereof. It is contended by counsel for appellant that the section of the statute from which the excerpt above quoted is taken must be construed as a whole and *in pari materia* with other sections of the statute relating to roads and bridges as well as the respective powers and duties of the board of commissioners, on the one hand, and councils or trustees of incorporated cities and villages, on the other.

Said sec. 2242 as amended is as follows:

"The city councils of cities of the second class and board of trustees of villages shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons within such city or village, and shall cause the same to be kept open and in repair and free from nuisances.

"All public bridges exceeding sixty feet in length over any stream crossing a state or county highway shall be constructed and be kept in repair by the county: Provided, that when any city or village has constructed a bridge over a sixty foot span on any county or state highway within its corporate limits and has incurred a debt for the same, then the treasurer of the county in which said bridge is located shall pay to the treasurer of such city or village seventy-five per cent of all bridge taxes collected in said city or village until said debt and interest upon the same is fully paid: Provided, further, that the city council or board of trustees may appropriate in the manner hereinafter provided, a sum not exceeding five dollars per linear foot to aid in the construction of any county bridge within the limits of such city or village on a highway leading to the same, or any bridge across any unnavigable river which divides the county in which said

city or village is located, from another state, and that no street or alley which shall hereafter be dedicated to the public use by the proprietor of ground in any city or village, shall be deemed a public street or alley, or be under the use or control of the city council or board of trustees, unless the dedication shall be accepted and confirmed by an ordinance especially passed for such purpose.''

Each incorporated city, town or village of this state constitutes a separate road district, and the city council of each city and the board of trustees of each town or village, as far as relates to their city, town or village, have the powers conferred, and the duties imposed by law, upon the board of county commissioners in respect to roads and bridges within their respective corporate limits, and must appoint a road overseer on whom is imposed all of the duties of road overseer under the provisions of the statute. Such council or trustees must regulate the length, grade and size of the bridges, causeways and culverts, and are given full power over streets and alleys within their respective corporations.

Under the provisions of sec. 2238, Rev. Codes, a city or village is empowered by ordinance or by-law to establish, lay out, alter or open any street or alleys and establish grades and construct bridges and repair and maintain the same.

Under the provisions of said sections of the statute, a city council or board of trustees of a city, town or village is given the care, supervision and control of all public highways, bridges, streets and alleys within the limits of such city or village, and by the provisions of sec. 2315 they are given authority to issue municipal bonds not exceeding fifteen per cent of the real estate value within such corporation, according to the assessment of the preceding year, and to provide, among other things, for the construction of bridges, across streams within such corporate limits or contiguous to, or within one mile of, the exterior limits of such city or village. By sec. 883a (Sess. Laws 1911, p. 158) the board of county commissioners is given power to appoint road supervisors within their county, which road supervisors shall have con-

trol of all highways within the county "except those within the limits of any incorporated city, town or village or of a good roads district or highway district."

By the provisions of sec. 894, as amended by laws of 1912, p. 8, the levy of an annual road poll tax is provided for, and it is also provided that when such tax is collected within the limits of any incorporated city, town or village seventy-five per cent of any sum so collected shall be paid over to the city, town or village for the benefit of its road fund. Sec. 896, as amended by Laws of 1911, p. 162, provides for a general property road tax, and by the provisions of sec. 900, as amended by Laws of 1913, p. 524, twenty-five per cent of that portion of such general property road tax which shall have been assessed and collected within the limits of any incorporated city must be paid to such city or village for its road fund; and sec. 901, as amended by Laws of 1911, p. 163, excepts all property within the limits of any incorporated city, town or village from the levy of a special highway tax by the county.

It will therefore be observed under the provisions of such sections of the statute, so far as finances are concerned, incorporated cities and villages receive seventy-five per cent of all road poll taxes collected within their limits, and twenty-five per cent of all property tax. In addition to this, they may raise further revenue for bridge purposes by special levies and bond issues and are exempt from the burdens of special levies for county, road and bridge purposes.

It follows that since the road and bridge finances of cities and villages are thus provided for by statute, it is clear that the legislature intended that such municipalities may construct the highways and bridges within their corporate limits. However, if the county or state is willing to assist the municipality in constructing bridges or highways within the municipality, the proper officers of such municipality may permit the county or state to do so.

This court held in the *City of Genesee v. Latah County,* 4 Ida. 141, 36 Pac. 701, that boards of county commissioners could not authorize county road overseers to build, repair

or in any way interfere with the highways of an incorporated town or village. Cities and villages are given exclusive jurisdiction over the highways within their corporate limits, and that provision of sec. 2242 above quoted, requiring the county to construct and keep in repair all public bridges exceeding sixty feet in length over any stream within the county, was not intended to give the county commissioners jurisdiction within the corporate limits of a city or village over the roads and bridges within such corporate limits; hence that provision was intended to apply only to public bridges over sixty feet in length built over streams within that part of the county over which the board of county commissioners had jurisdiction of the highways and bridges.

This court held in *Carson v. City of Genesee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862, that incorporated cities and villages under the general laws of the state had exclusive control over the streets and alleys and were liable in damages for the negligent discharge of the duty of keeping such streets and alleys in a reasonably safe condition for use by travelers in the usual mode of travel. (See, also, *Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810, and *Eaton v. City of Weiser,* 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541.)

We therefore conclude that the court did not err in sustaining said demurrer and entering the judgment of dismissal. The judgment must therefore be affirmed, and it is so ordered. Each party to pay its own costs of this appeal.

AILSHIE, C. J., Concurring Specially.—I concur in affirming the judgment of the lower court. The board of commissioners cannot be, compelled by *mandamus* to construct a bridge. Neither can the city be so compelled. The building of bridges is within the discretion of the county or city authorities.

I also agree to the proposition that incorporated cities and villages have exclusive control of the streets and alleys within their corporate limits. The expression, however, of "exclusive control" should be considered with special reference to

the streets and alleys laid out and constructed by or under the direction or authority of the municipality, as distinguished from those thoroughfares laid out and constructed by the county or state which may pass through the municipality. While it is the duty of the city to keep up and in repair its streets, alleys and any bridges which may form a part of those streets and alleys, still I do not think the county or state can be excluded by the municipality from entering upon a county or state highway within the limits of the municipality and repairing and improving the same or in constructing or repairing a bridge on a public highway which has been laid out and constructed either by the county or state through such municipality.

While I agree that the county cannot be compelled by *mandamus* to repair or construct the bridge here in question, I have no doubt, on the other hand, but that it has the authority and power to enter within the municipal limits of the city of Kellogg and repair or construct the bridge in question if it so desires or the county authorities think it just and equitable to do so.