305 P.2d 309

Alta D. GALVIN, Administratrix of the estate of C. H. Galvin, deceased, and P. W. Philliber, d/b/a Whiteway Court, Plaintiffs-Respondents-Cross-Appellants,

v.

Arthur F. APPLEBY and Selma H. Appleby, husband and wife, Defendants-Appellants-Cross-Respondents.

No. 8342.

Supreme Court of Idaho.

Dec. 21, 1956.

McClure & McClure, Payette, Ariel L. Crowley, Idaho City, for appellants.

Vernon Daniel, Payette, Donart & Donart, Weiser, for respondents.

PORTER, Justice.

For the sake of clarity, the parties will be referred to as plaintiffs and defendants respectively.

By their complaint, plaintiffs alleged that defendants, as sellers, entered into a conditional agreement of sale with William A. Schiess and wife, as buyers, covering two lots and certain personal property located in New Plymouth, Idaho; that plaintiffs are the assignees of such purchasers; that such agreement of sale represented that certain buildings and certain appurtenances were located within the exterior limits of such lots; that in fact such buildings and appurtenances were located partly in the street right-of-way and that plaintiffs were compelled by the City of New Plymouth to remove the same. Plaintiffs prayed for rescission of the agreement of sale or, in the alternative, for damages.

Defendants denied generally the allegations of the complaint. The cause was tried to the court sitting without a jury. The trial court entered judgment denying rescission and awarding plaintiffs $4,000 damages. Defendants have appealed from such judgment. Likewise, plaintiffs have cross-appealed from such judgment.

The evidence discloses the facts hereinafter set out.

On November 10, 1947, defendants, as sellers, entered into a conditional agreement of sale with William A. Schiess and wife, as buyers, covering the following described property situated in New Plymouth, to-wit:

"Lots One (1) and Two (2) of Block Twenty-three (23), of the Original Townsite of New Plymouth, as shown on the official plat now on file in the office of the County Recorder, Payette County Idaho;

"together with 19 cabins, 1–wash house, 1–woodshed, 1–garage, 1 dwelling house and 1-filling station, which are all located on said lots, all appurtenances appertaining thereto of every kind and nature, including all water, ditch and lateral rights, and the following described personal property: (describing same)"

Thereafter, the agreement of sale was modified on December 1, 1947, as to the amount of the monthly installments. On June 4, 1948, defendants gave their written consent to the assignment by the purchasers of their interest in the agreement of sale to the plaintiffs herein. On June 11, 1948, Schiess and his wife assigned their interest in such agreement of sale to plaintiffs, who assumed and agreed to pay the balance of the purchase price.

The property in question is a tourist court commonly known as the Whiteway Court. It is located on the southwest side of Southeast Avenue in New Plymouth. It is the contention of plaintiffs "That in truth and fact approximately seven (7) feet of the Northerly part of Cabin 19 and one hundred (100) feet of sewer pipe running from Cabin 19 to the Northeast corner of said lands and premises and approximately two (2) feet of the Northerly end of the service station canopy which includes two (2) gasoline pumps, water and air outlets, underground storage tank and the Cabin Court neon signs are located outside the exterior boundaries of the Lots owned by the defendants and within the right-of-way of one of the public streets of the City of New Plymouth, Idaho".

Southeast Avenue of the City of New Plymouth carries U. S. Highway No. 30. The State Highway Department, desiring to improve Highway No. 30 on Southeast Avenue, requested the City of New Plymouth to cause the obstructions thereon to be removed. Thereupon the City of New Plymouth demanded of plaintiffs that the alleged obstructions and encroachments on Southeast Avenue be removed by plaintiffs and served notice that if such obstructions and enroachments were not removed the City would remove same and charge the expense to plaintiffs. In response to the demand and notice of the City, plaintiffs removed such obstructions and enroachments.

In order to remove Cabin 19, it was necessary to demolish the same. The air and sewer lines, gasoline tank and neon signs were moved back to and within the undisputed boundaries of the lots in question. The canopy over the gasoline pumps was shortened to fall also within such exterior boundaries.

By its findings of fact and conclusions of law, the trial court found and determined that plaintiffs were not entitled to the relief of rescission. The court found that at least 5.18 feet of the northeasterly end of Cabin 19 extended and encroached into the dedicated public street known as Southeast Avenue; and that such cabin was reasonably worth the sum of $4,000. The court further found that plaintiffs failed to prove that the sewer pipe, a portion of the service station canopy, gasoline pumps, water and air outlets, underground storage tanks, and neon signs, were located all or partly upon the right-of-way of said Southeast Avenue.

The court also found that the expenses of tearing down Cabin 19 and in removing and relocating the other alleged encroachments were so commingled that the court could not find the amount of expenditures involved in removing Cabin 19. The court entered judgment in favor of plaintiffs in the sum of $4,000 with interest thereon from April 1, 1954, the date of the removal of such Cabin 19.

The defendants make twenty-one assignments of error and list twenty-six propositions of law under their points and authorities. We will not attempt to discuss the assignments of error and points and authorities in detail. We will consider generally the questions raised by same.

■ Defendants assert the trial court erred in overruling the demurrer for the reason the complaint fails to state facts sufficient to constitute a cause of action. The representation in the agreement of sale that the buildings and appurtenances were all located on said lots, if untrue, whether made fraudulently or mistakenly by defendants, would give rise to a cause of action. Mochel v. Cleveland, 51 Idaho 468, 5 P.2d 549; Boyd v. Boley, 25 Idaho 584, 139 P. 139; Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347; Brooks v. Jensen, 75 Idaho 201, 270 P.2d 425. Defendants also contend that the complaint shows on its face that plaintiffs are not entitled to the relief of rescission. This contention ignores the alternative claim for damages. The court having found against rescission by plaintiffs, such question is immaterial to defendants' appeal.

■ Defendants' contention that the court erred in overruling the demurrer for the reason that the City of New Plymouth was not joined as a party is without merit. The City of New Plymouth is not a necessary or indispensable party to this action between individuals for rescission or damages under a conditional sales contract.

■ The court did not err in overruling the demurrer for the reason that the action is, upon the face of the complaint barred by the provisions of Sections 5–216 and 5–218(4), I.C. The evidence shows and the court found that the first knowledge plaintiffs had of the encroachments upon Southeast Avenue was on December 29, 1952, and this action was filed January 18, 1954.

■ Defendants contend the court erred in overruling their motion to compel election for the reason that the remedies of rescission and damages for breach of contract are mutually inconsistent. Plaintiffs' complaint is in the alternative and prays for rescission but if same cannot be had that they be awarded damages. This contention of defendants is without merit and the court properly overruled the motion to compel election. Casady v. Scott, 40 Idaho 137, 237 P. 415; Gridley v. Ross, 37 Idaho 693, 217 P. 989; 41 Am.Jur., Pleading, Section 111, page 367; Williams v. Marshall, Cal.App., 223 P.2d 644.

The court did not err in overruling the objection of defendants to the introduction of any testimony. Such objection was predicated upon the contentions of defendants as they are outlined and discussed herein.

■ There was introduced in evidence the official plat of the Townsite of New Plymouth. This plat "shows that the hub to make the angle between the center line of Plymouth Avenue and Southeast Avenue is fifty-three degrees and eight minutes." There was likewise introduced in evidence by plaintiffs a survey based on a plat by the State Highway Department which showed such angle to be fifty-three degrees and twelve minutes. Also, a plat was introduced based on a survey from a known section corner. Defendants contend that it was reversible error to receive such plats of such surveys as they are inconsistent with the official plat of New Plymouth. The difference between the surveys and the plat as to the location of the center line of Southeast Avenue at the place in question as shown by the evidence would be less than one foot. This claim of error is immaterial because the court found against plaintiffs as to the location of any of the alleged obstructions being upon the right-of-way except Cabin 19 which the court found was at least 5.18 feet on the right-of-way.

■ Defendants contend in effect that plaintiffs were not bound to remove encroachments upon demand by the City of New Plymouth. This position is not well taken. Although the City may have permitted the existence of encroachments for considerable time, upon the demand by the City for the removal of same, it became the duty of plaintiffs to remove such encroachments and a failure to do so would result in both civil and criminal liability.

Such encroachments are a public nuisance and subject to abatement. Sections 18–5901, 18–5903, 52–101, 52–102, 52–202, 52–205, I.C.; Yellow Cab Taxi Service v. City of Twin Falls, 68 Idaho 145, 190 P.2d 681; Boise City v. Sinsel, 72 Idaho 329, 241 P.2d 173. Although plaintiffs did not create the encroachments, they would be liable as successive owners of the property. Section 52–109, I.C.

■ The official plat of New Plymouth introduced in evidence as Exhibit 7 contains the following in the dedication:

"And it does hereby certify that it has on this day platted said tract of land as New Plymouth as shown by this plat, covering said described piece or parcel of land, and it does hereby dedicate to the use of the public Forever, for the purpose of a public highway, all of the streets, avenues, and alleys shown in said plat; Provided However *and* the map is filed and said streets, avenues and alleys dedicated to the use of the public, on the express condition and reservation; that the undersigned reserves the fee to said streets, avenues and alleys in itself, hereby dedicating only an easement thereon to the public, as above stated, and

"Provided Further, that the right to use said streets, avenues and alleys for the following named purposes is hereby reserved to wit:

"For the purpose of constructing and operating street car lines of whatever kind or nature; erecting telegraph, telephone or electric light poles or wires; laying pipes for hot or cold water, or for any other purpose; constructing and excavating sewers, or laying sewer pipes of any kind or nature whatsoever; constructing railways of any kind, and reserving all rights, privileges and franchises not above specifically granted."

This plat also shows Southeast Avenue and other avenues to be 80 feet in width and shows the travel portion of the highway to be 45 feet in width with a strip on each side thereof. Defendants contend that under the reservations in the dedication adjacent landowners have the right to use such strips for the purposes named in the reservations. The court having found that the claimed encroachments of the character named in the reservations were not proved to be encroachments upon the highway right-of-way and no damages having been allowed to plaintiffs for their removal, the effect of such reservations in the dedication need not be determined on this appeal. The encroachment of Cabin 19 for which damages were allowed does not fall within the reservations set out in the dedication.

■ The plaintiffs by their cross-appeal have appealed from the whole judgment. Their contention that the court erred in re-

fusing to grant them rescission of the contract is without merit. The evidence preponderates and amply supports the court's finding, that plaintiffs were not entitled to the relief of rescission.

The evidence as to the location of the sewer line, water and air outlets, underground tanks, neon signs and canopy seems to be that they were located on or near the boundary between the property and the street right-of-way. The court found that plaintiffs had not proved that such claimed encroachments did as a matter of fact encroach upon the highway. The burden of proving this fact was upon plaintiffs and the evidence as to the exact location of such claimed encroachments is so meager we cannot say the trial court was not justified in finding the plaintiffs had failed in their proof in this respect. Such items had been moved and relocated long prior to the trial of this cause.

Plaintiffs contend they should have been allowed additional damages for expenses in connection with the tearing down of Cabin 19 and the removal of the other alleged encroachments. The court found the proof on expenses did not segregate the amount expended for demolition of the cabin from the other expenditures for removing and relocating the pipes and tanks and shortening the canopy. These latter expenses could not properly be allowed by the court as the court found the plaintiffs had not proved the same were encroachments.

It appears from the evidence that there is still an unpaid balance on the principal under the agreement of sale which seems to be less than the $4,000 damages allowed. Defendants contend the court erred in not allowing such unpaid balance as an offset against the damages allowed plaintiffs. This contention is correct. The court should have found the amount unpaid on the agreement of sale and should have offset such unpaid balance against the damages and should have rendered judgment for plaintiffs for the remainder.

Defendants further contend the trial court erred in allowing interest on the amount of the damages prior to judgment. The damages were unliquidated and the amount of same was not susceptible of ascertainment by computation or by reference to market values. The trial court erred in allowing such interest. Barrett v. Northern Pacific Railway Co., 29 Idaho 139, 157 P. 1016; Storey & Fawcett v. Nampa & Meridian Irrigation District, 32 Idaho 713, 187 P. 946; Gridley v. Ross, supra; Donaldson v. Josephson, 71 Idaho 207, 228 P.2d 941.

The judgment of the trial court is reversed for the failure to allow credit for the balance due on the agreement of sale and is reversed as to the allowance of interest on the damages prior to judgment.

The judgment is otherwise affirmed. The cause is remanded to the trial court with instructions to enter judgment in accordance with the views herein expressed. No costs allowed.

TAYLOR C. J., and KEETON and SMITH, JJ., concur.

ANDERSON, J., sat at the hearing, but died before final decision of the cause.