547 P.2d 1135

**The CITY OF NAMPA, Idaho, a Municipal Corporation, Plaintiff and Respondent,**

v.

**Samuel A. SWAYNE et al., Defendants,**

and

**Newell E. Drinkall et al., Defendants and Appellants.**

**No. 11853.**

Supreme Court of Idaho.

March 29, 1976.

Leon R. Weeks of Weeks, Yost, White & Ahrens, Nampa, for defendants and appellants.

Reese E. Verner, Nampa, for plaintiff and respondent.

SHEPARD, Justice.

This is an appeal from a summary judgment ordering removal of certain signs encroaching over and above the road surface of a public street. The questions presented involve the authority of a municipality to declare such encroachments to be nuisances per se and whether such signs obstruct or interfere with the public's use of the street.

Appellants-defendants are leaseholders of real property in Nampa, Idaho, located in the 200 block of 12th Avenue South and are operators of business establishments known as the Pix Theater and Hazzy's Book and Stationery Store. In 1946 the operators of the Pix Theater constructed a marquee sign projecting over the eastern sidewalk of 12th Avenue South and in 1963 the operators of Hazzy's constructed a canopy sign or awning also projecting over the eastern sidewalk of 12th Avenue South. These encroachments were permitted without objection for some 28 and 11 years respectively until 1973 when the city of Nampa in conjunction with the

State of Idaho improved and widened the roadway of 12th Avenue South. It is agreed that as a result of such widening the Pix marquee now extends beyond the curb approximately 3 feet over and above the actual roadway of 12th Avenue South and Hazzy's canopy extends beyond the curb approximately 8 inches over and above the actual roadway of 12th Avenue South. The Pix marquee is approximately 11 ft. 6 in. above the surface of the roadway and the Hazzy's sign is approximately 9 ft. 4 in. above the roadway.

Following the road improvement, the city, through its duly constituted officials, ordered the two encroachments removed which order was appealed to the Nampa City Council before which appellants-defendants appeared and were represented by counsel. On March 4, 1974, the City Counsel upheld the previous order of removal and adopted a resolution characterizing the signs as encroachments and declaring their removal in the best interest of health, safety and welfare of the inhabitants of the city. When this action did not achieve removal of the encroachments, the city instituted this injunction proceeding. Appellants answered alleging *inter alia* estoppel, laches and that the encroachments were not unreasonable and therefore not nuisances. Upon motion and submission of affidavits and briefs by the parties, summary judgment was entered for the city ordering the removal of the signs from encroaching upon 12th Avenue South. This appeal results.

Appellants first contend that summary judgment was erroneously entered since the documents then before the court disclosed the existence of genuine issues of material fact. They assert that while they admit the existence of the encroachments, nevertheless, a factual question is raised as to whether or not those encroachments obstruct or otherwise materially or unreasonably interfere with the use and enjoyment of a public right-of-way. They also argue that the court's conclusion with respect to

the defenses of estoppel and laches was error and those defenses require a factual determination by the trier of fact.

I.C. §§ 52–101 and 52–102 provide in pertinent part:

"Anything which is injurious to health or morals, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, stream, canal or basin, or any public park, square, street or highway, is a nuisance * * *."

"A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damages inflicted upon individuals may be unequal."

Appellant asserts that such statutes should be interpreted to the end that encroachment in and of itself is insufficient to establish a public nuisance, and that only where an encroachment materially impedes or interferes with public travel may it be forbidden and enjoined as a nuisance. Appellants argue that their position is supported by *Rief v. Mountain States Tel. & Tel. Co.,* 63 Idaho 418, 120 P.2d 823 (1941). That case, however, involved a tort action brought by an injured pedestrian who was using a public sidewalk. The pedestrian was struck and injured by a screen door which opened out onto the public sidewalk. The plaintiff-pedestrian therein argued that such an obstruction was a nuisance per se, but the Court therein disagreed pointing out "the right of the public to the free and unobstructed use of a street is subject to reasonable and necessary limitations, and to such incidental, temporary, or particular obstructions as manifest necessity may require." The Court was careful to point out, however, that the result may well have

been different had a municipality been involved in the action since:

"[A]ny municipality of this state may prevent or remove anything *which it believes* to be an unreasonable encroachment upon or into a sidewalk, as appears from Section 49–1123, I.C.A. [now superseded and modified by I.C. § 50–314], wherein it is provided municipalities shall have power to: ' * * * prevent and remove all encroachments upon and into all sidewalks * * *.' " [emphasis supplied] 63 Idaho at 427, 120 P.2d at 827, on rehearing (1942).

Appellants also argue that the case of *Boise City v. Sinsel,* 72 Idaho 329, 241 P.2d 173 (1952) and *Lapwai v. Alligier,* 78 Idaho 124, 299 P.2d 475 (1956) support their position. We agree that there is language in both of those cases which could be read as holding that an encroachment is not sufficient in and of itself without the additional element of actual interference with the usual use or free flow of traffic.

In contrast with those cases is that of *Boise City v. Fails,* 94 Idaho 840, 499 P.2d 326 (1972) wherein it was declared:

" * * * governing bodies (cities, counties or the state) have broad authority over use of the streets and highways, and may in proper cases remove and prevent anything which is an encroachment upon *or interferes* with the use of a street or highway." [emphasis supplied] at 846, 499 P.2d at 332.

Also in conflict is the case of *State v. Kelly,* 89 Idaho 139, 146, 403 P.2d 566 (1965) which dealt with an encroachment upon a highway right-of-way but which did not constitute an actual interference with the usual use or free flow of traffic upon the actual roadway. Therein the Court quoted with approval *People v. Henderson,* 85 Cal.App.2d 653, 194 P.2d 91 (1948):

"[A] structure maintained upon a public roadway is unlawful (citations omitted) and is a nuisance per se subject to

abatement at the instance of proper authority (citations omitted)."

The conflict in the foregoing opinions clearly frames a legal issue which will ultimately require clarification. In the case at bar, however, there are sufficient facts, albeit on summary judgment, to merit an affirmance of the trial court's ruling under either of the proposed standards. I.C. § 49–913(B) prohibits the operation of any vehicle upon a highway in excess of 14 feet in height. By necessary implication it may be said that vehicles may be operated which do not exceed 14 feet in height. The encroachments at issue here are approximately 9 and 11 feet respectively above the actual road surface, and therefore the probable interference of these encroachments with the lawful and usual use of the surface of the highway is both real and apparent. The record indicates that because of the danger posed by the signs, vehicular traffic warnings of restricted clearance have necessarily been erected. The fact that these signs extend only over the parking lanes of the street in question does not mitigate the inherent danger.

Further support for the holding of the trial court is the existence of Nampa City Code, Title IV, Chapter 5, § 19(B):

"Projection: Signs projecting from a building or structure shall not project beyond a point within eighteen inches of a line drawn perpendicularly upward from the back of the curb line, and no projecting sign shall at the lowest point be less than twelve feet above the sidewalk or ground level."

A city has exclusive control over the streets and highways and sidewalks within its incorporated boundaries and the duty to regulate the same in preserving the health, safety and welfare of its inhabitants. *Snyder v. State,* 92 Idaho 175, 438 P.2d 920 (1968); *Yellow Cab Taxi Service v. City of Twin Falls,* 68 Idaho 145, 190 P.2d 681 (1948); *Foster's Inc. v. Boise*

**534**

*City,* 63 Idaho 201, 118 P.2d 721 (1941); *Packard v. O'Neil,* 45 Idaho 427, 262 P. 881 (1927); *City of Kellogg v. McRae,* 26 Idaho 73, 141 P. 86 (1914). Indeed, a city can be held liable for injuries resulting from neglect of its duty to keep the streets reasonably safe for public use. *Baillie v. City of Wallace,* 24 Idaho 706, 135 P. 850 (1913). See also, *Smith v. Sharp,* 82 Idaho 420, 354 P.2d 172 (1960); *Strickfaden v. Greencreek Hwy. Dist.,* 42 Idaho 738, 248 P. 456 (1926). There is nothing suggested at the trial level or here to indicate that the ordinance of the City of Nampa exceeds its authority, was unreasonable or unnecessary or that its application to the appellants was arbitrary and capricious. It was therefore properly enforceable in this action and was an additional and sufficient basis for ordering removal of the encroachments.

Appellants additionally argue the issues of estoppel and laches. They assert that because of the period of time that the city has allowed these signs to encroach upon the public right-of-way, the city is barred from compelling their removal. As was stated in *Boise City v. Sinsel, supra:*

"In this jurisdiction we have recognized that equitable estoppel will lie against a municipality but that it must be invoked with caution and only in exceptional cases and that its application is the exception and not the rule." (citations omitted), 72 Idaho at 338, 241 P.2d at 179.

This Court has held on infrequent occasions that estoppel may lie against a city. *Dalton Highway Dist. of Kootenai County v. Sowder,* 88 Idaho 556, 401 P.2d 813 (1965); *Lloyd Crystal Post No. 20, The American Legion v. Jefferson County,* 72 Idaho 158, 237 P.2d 348 (1951); *Boise City v. Wilkinson,* 16 Idaho 150, 102 P. 148 (1909). Nevertheless, in almost all cases where a city has sought to remedy encroachments upon the public right-of-way equitable estoppel has not been held to lie against a city. *Boise v. Sinsel, supra; Yellow Cab Taxi Service v. City of Twin Falls, supra; Galvin v. Appleby,* 78 Idaho 457, 305 P.2d 309 (1956). The application of equitable estoppel is dependent upon a case by case analysis of the equities involved and this Court cannot and will not adopt a rigid standard. It is worthy of note that the respondent City of Nampa acquiesced in the encroachment of the signs only during the time that they projected over the sidewalk. Immediately following the widening of the street, which caused the signs to extend beyond the curb and over the road surface, the city sought immediate removal. The order of the trial court pertains only to the removal of appellants' encroachment from the space over and above the actual road surface and does not prohibit their maintenance over the sidewalk portion of the right-of-way. To hold as requested by the appellant here, would effectively prevent the widening and improvement of streets or highways. Hence, we reject appellants' assertion that the city was estopped or otherwise prevented by laches from ordering removal of the purprestures.

The trial court was correct in its finding and conclusion that no genuine issue of material fact existed and that the respondent City of Nampa was entitled to summary judgment as a matter of law. The order of the trial court directing appellants to remove their signs is affirmed. Costs to respondent.

McFADDEN, DONALDSON and BAKES, JJ., and SCOGGIN, District Judge (Ret.), concur.