25 P.3d 117

**YOUNG ELECTRIC SIGN COMPANY,**
Petitioner–Appellant,

v.

The STATE of Idaho, ex rel., Charles L. WINDER, Mike P. Mitchell, Leon E. Smith, Jr., John Mc Hugh, Monte C. Mc Clure, Neil Miller and John X. Combo, Idaho Transportation Board, Respondents.

No. 26124.

Supreme Court of Idaho, Boise, February 2001 Term.

May 24, 2001.

Dillion, Bosch, Daw & Bock, Chtd., Boise, for appellant. David G. Ballard argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondents. Patrick Fanning argued.

KIDWELL, Justice.

Young Electric Sign Company (YESCO) appeals from the district court's order affirming the decision of the Idaho Transportation Board in which the agency concluded that YESCO was to remove its advertising display without compensation.

## I.

### FACTS AND PROCEDURAL BACKGROUND

This case involves a dispute over an advertising display located along U.S. Highway 95 at milepost 509.5 in Boundary County, Idaho. The display, which is owned by YESCO, was erected after YESCO received a permit from the Idaho Transportation Department (Department). The permit, which was granted on October 4, 1991, gave YESCO permission to erect and maintain the sign on the property.

On June 30, 1992, the Department issued a notice to YESCO and to Nick Plato, the owner of the property on which the sign was located, informing the parties that the sign was in violation of the provisions of Title 40, Chapter 19, Idaho Code, concerning the Highway Beautification Act. The notice requested that the sign be removed within 30 days and stated that if YESCO and Plato failed to do so, an appeal could be taken to the Idaho Transportation Department within 30 days from the date of service of notice.

Administrative proceedings followed on November 19, 1992, and a stipulation of settlement was entered into on April 6, 1993. Both parties were represented by counsel. The stipulation provided in part:

2. The Parties have agreed to a compromise settlement of this matter on the following terms and conditions:

a. The company may maintain the sign in place so long as a bona fide commercial or industrial activity is conducted on the property upon which the sign is located.

b. The "property upon which the sign is located" shall mean only the property which is contiguous and under common ownership with the property upon which the sign stands.

c. "Bona fide commercial or industrial activity" shall mean commercial or industrial activities as defined by Section 40–122, Idaho Code, except that on-site personnel shall not be required. It is contemplated, however, that the active manufacture, repair or sale of goods or services be conducted on the property for the continued maintenance of the sign.

d. Should commercial or industrial activity cease for a period of ninety (90) days or more, the company shall, upon written demand by the Department, remove the sign promptly, without compensation. The company shall proceed with removal irrespective of whether the commercial or industrial activity resumes unless otherwise authorized by the Department.

3. This stipulation shall constitute the whole of the agreement between the parties.

After entering into the stipulation of settlement, YESCO's annual permit for the sign was renewed from 1994 through 1998. However, on October 21, 1997, the Department categorized the YESCO sign as "illegal" because of the fact that actual commercial use was not being made of the property. Even

though surrounding parcels were utilized for commercial use, no commercial use was made of the property upon which the YESCO sign was located after August of 1993.

Karl Vogt, a Deputy Attorney General for the Department, sent YESCO a demand letter on October 21, 1997, informing YESCO that the sign was in violation of the parties' stipulation of settlement. The letter instructed YESCO to remove the sign within 30 days of the letter.

Dave Peoples, the Outdoor Manager for YESCO, sent the Department a letter dated October 24, 1997, refusing to remove the sign, stating that YESCO believed the sign was a legal non-conforming sign. In response, the Department informed Peoples that it would treat YESCO's refusal to remove the sign as a demand for an administrative hearing.

The Department filed a complaint before the Idaho Transportation Department on October 31, 1997, alleging that YESCO had, "failed to conduct active bona fide commercial or industrial activity on the property pursuant to the terms of the settlement and any such activity previously on the site has ceased for a period of more than 90 days from the date of this complaint." YESCO filed its answer on November 20, 1997. It claimed that the advertising display was lawfully erected, and denied that it was obligated to conduct a bona fide commercial or industrial activity on the property because such a bona fide commercial or industrial activity was conducted by a third party. YESCO also asserted the following affirmative defenses: (1) discrimination based upon unjustifiable or arbitrary classification; (2) selective enforcement of the Department's statutes and rules; (3) detrimental reliance on the Department's issuance of annual permits for the sign; (4) estoppel; and (5) laches.

The hearing officer issued his findings of fact, conclusions of law, and preliminary order on November 19, 1998, finding that YESCO was required to remove its sign without compensation. YESCO requested review of the preliminary order, which was affirmed and finalized by the acting director (director) of the Department. YESCO subsequently sought judicial review of the Idaho Transportation Board's decision ordering YESCO to remove the sign. The district court affirmed the order of the Idaho Transportation Department in an order entered on November 19, 1999.

## II.

### STANDARD OF REVIEW

In *Cooper v. Board of Prof'l Discipline*, 134 Idaho 449, 4 P.3d 561 (2000), this Court stated:

Where a district court acts in its appellate capacity pursuant to the Idaho Administrative Procedure Act (IDAPA), this Court reviews the agency record independently of the district court's decision. The Court will defer to the agency's findings of fact unless those findings are clearly erroneous and unsupported by evidence in the record. This Court may not substitute its judgment for that of the agency as to the weight of the evidence on factual matters.

A strong presumption of validity favors an agency's actions. The agency's actions may be set aside, however, if the agency's findings, conclusions, or decisions: (a) violate constitutional or statutory provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record as a whole; or (e) are arbitrary, capricious, or an abuse of discretion. In addition, this Court will affirm an agency action unless a substantial right of the appellant has been prejudiced.

*Id.* at 454, 4 P.3d at 566 (internal citations omitted).

## III.

### ANALYSIS

**A. THIS ACTION IS NOT BARRED BY THE STATUTE OF LIMITATIONS.**

■ Three Idaho Code provisions pertaining to the applicable statute of limitations are at issue in this case. First, Idaho Code § 5-218, "Statutory liabilities, trespass, trover, replevin, and fraud," provides a three-year statute of limitations for "an action upon a

liability created by statute, other than a penalty or forfeiture." Idaho Code § 5–224, "Actions for other relief," provides a four-year statute of limitation for "an action not hereinbefore provided for." Idaho Code § 5–216, "Action on written contract," provides a five-year statute of limitation for "an action upon any contract, obligation or liability founded upon an instrument in writing."

Other states have consistently held that statutes of limitations do not operate against the state when the state is acting in its sovereign capacity to enforce a public right. *Bellevue Sch. Dist. No. 405 v. Brazier Constr. Co.*, 103 Wash.2d 111, 112, 691 P.2d 178, 180 (1984) (finding that State, acting in its sovereign capacity, is immune from application of limitation period); *Oklahoma City Mun. Improvement Auth. v. HTB, Inc.*, 769 P.2d 131, 134 (Okla.1988) (discussing the general rule that statutes of limitations shall not bar suit by any government entity acting in its sovereign capacity to vindicate public rights); *Trimble v. American Sav. Life Ins. Co.*, 152 Ariz. 548, 555, 733 P.2d 1131, 1138 (Ct.App.1986) (noting the general rule, that the state is immune from statute of limitations, applies if the right which the governmental unit seeks to assert is in fact a public right). We find the legal principle cited in these cases to be directly applicable to the present case.

As noted in the order issued by the director of the Department of Transportation, the Department is granted the power to regulate and enforce the placement and maintenance of signs. We agree with the director's observation that the Department's actions were consistent with the exercise of its police powers, as authorized by the legislature, and hence were not barred by the statute of limitations. Thus, we need not address the other assertions of the applicability of the statute of limitations. The decision of the director is affirmed.

## B. THE STIPULATION OF SETTLEMENT IS NOT VOID AS IT DOES NOT PRECLUDE YESCO FROM ENFORCING ITS CONSTITUTIONAL AND STATUTORY RIGHTS UNDER IDAHO LAW.

Idaho Code § 29–110, "limitations on right to sue," provides:

Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals, or which limits the time within which he may enforce his rights, is void.

I.C. § 29–110.

■ The director found that the above statute was not violated in this case. YESCO was not denied the opportunity to enforce its rights before the ordinary tribunals in the usual proceedings. Additionally, YESCO's right to sue was not limited by the agreement and YESCO's ability to seek redress of its rights was not affected.

In this case, the stipulation did not address YESCO's right to appeal or pursue legal relief. Further, YESCO has not attempted to exercise its rights and consequently has suffered no wrong. Instead, it is the Department who has attempted to exercise its rights under the contract. We affirm the director's decision.

## C. THIS COURT NEED NOT ADDRESS THE DEPARTMENT'S INTERPRETATION OF "ON–SITE COMMERCIAL ACTIVITY" AND THE LEGALITY OF THE SIGN IN GENERAL.

■ "Stipulations for the settlement of litigation are regarded with favor by the courts, and will be enforced unless good cause to the contrary is shown." *Kershaw v. Pierce Cattle Co.*, 87 Idaho 323, 328, 393 P.2d 31, 34 (1964). An agreement entered into in good faith in order to settle adverse claims is binding upon the parties, and absent a showing of fraud, duress or undue influence, is enforceable either at law or in equity. *Wilson*, 81 Idaho at 542, 347 P.2d at 345. A compromise agreement to settle a dispute, when validly entered into, supersedes all prior claims and defenses. *Hershey*, 111 Idaho at 495, 725 P.2d at 200.

The director found that on-site commercial or industrial activity was required on the

property where the sign was located pursuant to I.C. §§ 40–1911, –1912. Additionally, the director noted that YESCO was not entitled to relitigate the contested issues which formed the original basis of the dispute. YESCO entered into the settlement agreement in which it agreed to conduct "bona fide commercial or industrial activity" on the property. Consequently, YESCO was required to uphold the terms of the agreement and cannot now dispute whether commercial activity was required.

We find that the terms of the settlement agreement are the true center of this controversy. When YESCO entered into the settlement agreement, which in essence granted YESCO the opportunity to keep the sign at the location, it waived the opportunity to contest whether or not commercial activity was required at the sign site. The issue of whether or not commercial activity is required needs no further analysis.

### D. THE DEPARTMENT HAS SUBJECT MATTER JURISDICTION TO ADJUDICATE THE STATE'S CONTRACTUAL CLAIM.

Administrative authorities are tribunals with limited jurisdiction dependent upon the statutes conveying power to them. *Washington Water Power Co. v. Kootenai, Etc.*, 99 Idaho 875, 879, 591 P.2d 122, 126 (1979). Jurisdiction does not exist unless the provisions of the statute are met and compliance is had with the statute. *Id.* "Subject matter jurisdiction is the right and abstract power of the tribunal to exercise power over cases of the kind and character of the one pending." *Knight v. Department of Ins.*, 124 Idaho 645, 649, 862 P.2d 337, 341 (Ct.App. 1993).

The director found that the Idaho Transportation Board had been given broad authority by the Idaho legislature to regulate and enforce the erection and maintenance of advertising signs. This action arose under the Department's authority to regulate advertising signs and enforce these statutory provisions. Further, the director found that since the Department's original enforcement action to remove YESCO's sign was within the Department's subject matter jurisdiction,

the Department also had the authority and jurisdiction to enter into the settlement agreement. The director concluded that subject matter jurisdiction was appropriate as this action was merely a continuation of the Department's regulatory and enforcement action and falls within the Department's broad grant of authority.

This case arose when the Department exercised the power granted to it pursuant to I.C. § 40–1925, entitled, "Enforcement—Revocation of license or permit—Notice—Hearing." This statutory provision grants the Department power "over cases of the kind and character" such as this case. Additionally, the procedure for judicial review, as provided in I.C. § 40–1925, was complied with, thus allowing YESCO the opportunity to appeal the decision both to the district court and to this Court. We find that the Department had subject matter jurisdiction over this case and the director's decision is affirmed.

### E. THE DEPARTMENT DID NOT SELECTIVELY ENFORCE IDAHO CODE §§ 40–1911, –1912, AND THUS DID NOT VIOLATE YESCO'S CONSTITUTIONAL RIGHT TO EQUAL PROTECTION UNDER THE LAW.

Both the Idaho Supreme Court and the United States Supreme Court require a showing of a deliberate plan of discrimination based on some unjustifiable classification such as race, sex, religion, etc., before an equal protection violation based on discriminatory application of the law can be established. *Henson v. Department of Law Enforcement*, 107 Idaho 19, 23, 684 P.2d 996, 1000 (1984). Allegations of selective enforcement, without more, are not sufficient to establish a constitutional violation. *Id.*

Both the director and the district court noted that selective enforcement, without more, is not a violation of either the Idaho or the U.S. Constitutions. The director then noted that YESCO was not a protected class and was not shown a deliberate and intentional plan of discrimination against it by the Department.

We find that no factual showing has been presented that would establish a claim for selective enforcement of the law. No constitutional violation has been proven and therefore the director's decision is affirmed.

### F. THE DEPARTMENT IS NOT ESTOPPED FROM ENFORCING LIABILITY AS YESCO HAS NOT ACQUIRED A VESTED PROPERTY INTEREST IN THE SIGN.

 The elements of equitable estoppel are:

(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth, (2) the party asserting estoppel did not know or could not discover the truth, (3) the false representation or concealment was made with the intent that it be relied upon, and (4) the person to whom the representation was made or from whom the facts were concealed, relied and acted upon the representation or concealment to his [or her] prejudice.

*Regjovich v. First Western Invest.*, 134 Idaho 154, 158, 997 P.2d 615, 619 (2000).

 "Equitable estoppel may not ordinarily be invoked against a government or public agency functioning in a sovereign or governmental capacity." *State v. Adams,* 90 Idaho 195, 201, 409 P.2d 415, 421 (1965). This Court has previously applied this concept in the context of sign removal ordered by a city. *City of Nampa v. Swayne,* 97 Idaho 530, 534, 547 P.2d 1135, 1139 (1976). In that case, the City of Nampa ordered the removal of various signs after the city had allowed the signs to remain for a period of time. *Id.* The Court ultimately found that estoppel was not appropriate and that "to hold as requested by the appellant here, would effectively prevent the widening and improvement of streets or highways." *Id.*

Estoppel is not an appropriate remedy against the government agency at issue in this case and the decision of the director is affirmed.

### G. YESCO IS NOT ENTITLED TO DAMAGES UNDER I.C. §§ 40-1913, -1910A(1).

 As noted previously, a compromise agreement to settle a dispute, when validly entered into, supersedes all prior claims and defenses. *Hershey,* 111 Idaho at 495, 725 P.2d at 200. In this case, YESCO entered into a stipulation of settlement which provided that YESCO was not entitled to compensation if the terms of the agreement were breached. When YESCO entered into the settlement agreement and negotiated the opportunity to convert the sign from an "illegal" to a "legal" designation, it forfeited the right to pursue compensation in the event of removal. YESCO is not entitled to compensation based on the statutory provisions pertaining to government sign removal.

### H. YESCO IS NOT ENTITLED TO ATTORNEY FEES.

 "A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking." *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 967 (1996). YESCO provided no argument in support of its request for attorney fees. Additionally, YESCO is not the prevailing party in this case. Consequently, YESCO is not entitled to an award of attorney fees.

### IV.

### CONCLUSION

We hold that the Department is not precluded from bringing this action because statutes of limitation do not bar actions, such as this one, done in furtherance of the exercise of police power. Additionally, the stipulation of settlement is not void, as it does not preclude YESCO from enforcing constitutional or statutory rights. This Court declines to address whether the departmental regulation requiring on-site commercial activity at the sign site is void and whether the sign can legally be maintained at the site, as these issues are beyond the scope of the terms of the settlement agreement and are not at issue in this case. Finally, we find that the Department did not selectively enforce the laws, the Department is not estopped from

enforcing liability, and YESCO is not entitled to damages. The Idaho Transportation Department's conclusion that YESCO must remove the advertising display without compensation is affirmed.

Chief Justice TROUT, Justices SCHROEDER and EISMANN, and Senior District Judge HART, concur.