64 P.3d 317

Steven L. McPHETERS,
Plaintiff–Appellant,

v.

Thomas G. MAILE, IV; Thomas G. Maile Law Offices, Inc., Terry Tentinger and Any Other Persons, Companies, Partnerships, Corporations, Organizations, or Institutions Involved in this Matter, Defendants–Respondents.

No. 27780.

Supreme Court of Idaho,
Boise, November 2002 Term.

Jan. 24, 2003.

Rehearing Denied March 3, 2003.

Steven L. McPheters, pro se, Boise, for appellant.

Sasser & Inglis, Boise, for respondents. Clay M. Shockley, Mountain Home, argued.

KIDWELL, Justice.

Steven L. McPheters (McPheters) appeals the district court's grant of summary judgment in favor of Thomas Maile (Maile) and Terry Tentinger (Tentinger) for his claims of civil conspiracy, slander of title, and negligence. This Court affirms the judgment of the district court.

## I.

### FACTS AND PROCEDURAL BACKGROUND

In November of 1995, McPheters, a builder, hired Tentinger, a commercial painter, to paint part of a home owned by McPheters. Tentinger painted the home, but McPheters refused to pay the $420 bill because he felt the job was not performed properly. Tentinger hired Maile, an attorney, to assist him in his dispute with McPheters. Tentinger recorded a mechanic's lien to secure the $420 obligation. Tentinger also recorded a lis pendens, giving notice of the mechanic's lien.

Tentinger filed suit to recover the $420 from McPheters. After a bench trial, the magistrate court entered judgment in favor of Tentinger for $420 plus $4,000 for attorney

fees and $900.02 for costs. McPheters paid the entire judgment. McPheters then appealed the case to the district court before a satisfaction of judgment was recorded. The district court upheld the judgment and awarded attorney fees on appeal. McPheters appealed again and the Court of Appeals affirmed the magistrate court and again awarded Tentinger attorney fees on appeal. *Tentinger v. McPheters,* 132 Idaho 620, 977 P.2d 234 (Ct.App.1999). Although McPheters paid the judgment in full, Tentinger never recorded a satisfaction of judgment.

During the pendency of *Tentinger v. McPheters,* McPheters failed to make payments to his lender, Washington Federal Savings (Washington Federal), for a deed of trust granted in the property. Washington Federal issued a notice of default in early 1997 and again in early 1998. Not receiving payment, and McPheters being in arrears $27,867.05, the home was sold at a trustees' sale on July 8, 1998. The record indicates Washington Federal purchased the home at the trustees' sale. Washington Federal then sold the home a short time later.

On June 28, 2000, McPheters filed this action against both Tentinger and his attorney, Maile, alleging civil conspiracy, slander of title, negligence, and punitive damages. McPheters alleges the actions taken by Tentinger and Maile, specifically the failure to record a satisfaction of judgment, resulted in his inability to sell his home and avoid foreclosure. On May 22, 2001, Maile and Tentinger moved to strike McPheters' claim for punitive damages and moved for summary judgment. On June 6, 2001, McPheters filed "objection to the Respondents' motion for summary judgment," a motion to strike summary judgment, and a supporting affidavit. On June 29, 2001, the district court granted the respondents' motion for summary judgment as to all counts alleged in the complaint except for a contract claim and granted the motion to strike the claim for punitive damages. The district court denied McPheters' motion to strike summary judgment at the same time. On July 13, 2001, McPheters

moved for reconsideration of summary judgment. On July 20, 2001, the district court issued an order denying McPheters' motion for reconsideration of summary judgment. On July 30, 2001, the district court vacated trial and granted summary judgment on the remaining contract claim. McPheters timely appealed.[1] McPheters does not challenge summary judgment on the contract claim or the motion to strike punitive damages.

## II.

### STANDARD OF REVIEW

 Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c) (2002). This Court should liberally construe all facts in favor of the nonmoving party and draw all reasonable inferences from the facts in favor of the nonmoving party. *Northwest Bec–Corp v. Home Living Serv.,* 136 Idaho 835, 838–39, 41 P.3d 263, 266–67 (2002). Summary judgment must be denied if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented. *Id.*

 On appeal, this Court exercises free review over matters of law. *Polk v. Larrabee,* 135 Idaho 303, 308, 17 P.3d 247, 252 (2000).

## III.

### ANALYSIS

**A. The District Court Did Not Err In Granting Summary Judgment On McPheters' Claims Of Civil Conspiracy, Slander Of Title, And Negligence.**

McPheters alleged the failure to record a satisfaction of judgment gave rise to liability for: (1) civil conspiracy; (2) slander of title;

---

1. The case was temporarily remanded to the district court so it could consider exhibits erroneously not delivered to the district court in support of McPheters' July 13, 2001 motion for reconsideration. On December 19, 2001, the district court issued an order denying reconsideration on temporary remand.

and (3) negligence. The respondents counter that they committed no civil wrong and that it was a matter of sound legal work to refrain from recording a satisfaction of judgment until McPheters' appeals were exhausted.

### 1. Civil Conspiracy Is Not Actionable Because The Proper Cause Of Action In This Case Is Negligence.

■ A civil conspiracy that gives rise to legal remedies exists only if there is an agreement between two or more to accomplish an unlawful objective or to accomplish a lawful objective in an unlawful manner. *Kloppenburg v. Mays*, 60 Idaho 19, 27–28, 88 P.2d 513, 516 (1939). Civil conspiracy is not, by itself, a claim for relief. *Argonaut Ins. Co. v. White*, 86 Idaho 374, 379, 386 P.2d 964, 966 (1963) (quoting *Dahlquist v. Mattson*, 40 Idaho 378, 386–87, 233 P. 883, 887 (1925)). The essence of a cause of action for civil conspiracy is the civil wrong committed as the objective of the conspiracy, not the conspiracy itself. *Id.* Therefore, McPheters' civil conspiracy claim fails as a matter of law.

### 2. McPheters' Claim For Slander Of Title Fails For Lack Of Publication.

■ Slander of title requires proof of four elements: (1) publication of a slanderous statement; (2) its falsity; (3) malice; and (4) resulting special damages. *Weaver v. Stafford*, 134 Idaho 691, 701, 8 P.3d 1234, 1244 (2000) (citing *Matheson v. Harris*, 98 Idaho 758, 760–61, 572 P.2d 861, 863–64 (1977)).

■ Failure to record a satisfaction of judgment cannot constitute a publication necessary to support a claim of slander of title because, rather than publication of a statement, the failure to record a satisfaction of judgment is an *omission* to publish or state a fact. In *Crosby v. Rowand Machinery Co.*, the Court of Appeals addressed a case arising from similar circumstances. 111 Idaho 939, 729 P.2d 414 (Ct.App.1986). In *Crosby*, the plaintiff sued the defendant for slander of title due to the defendant's failure to record a satisfaction of judgment. *Id.* at 941, 729 P.2d at 416. The Court of Appeals affirmed the district court's finding that the plaintiff's true cause of action was negligence instead of slander of title because the defendant *right-*

*fully recorded* a judgment; it was the *failure to record* a satisfaction of judgment that created a question of causation in the case. *Id.* Similarly, the crux of the matter in this case is not whether it was proper to record a lien and lis pendens. It is undisputed that recording the lien and lis pendens was proper. Rather, as in *Crosby*, the core issue is whether Tentinger was negligent in failing to record a satisfaction of judgment. As a result, McPheters' slander of title claim fails as a matter of law because the respondents' omission in recording a satisfaction of judgment cannot be a publication, which is a necessary element for slander of title.

### 3. The Respondents Were Negligent In Not Recording A Satisfaction Of Judgment, But McPheters Failed To Create An Issue Of Material Fact That The Negligence Caused Damages.

■ The true nature of McPheters' claim is negligence. The elements of negligence are well established: (1) duty; (2) breach; (3) causation; and (4) damages. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 119 Idaho 171, 175–76, 804 P.2d 900, 904–05 (1991).

■ Pursuant to Rule 58(b), a judgment creditor has a duty to record a satisfaction of judgment upon full payment by the judgment debtor. I.R.C.P. 58(b) (2002). The respondents justify not recording a satisfaction of judgment on the grounds that McPheters' two appeals gave rise to an ongoing right to protect their interest in recovering attorney fees. However, there is no exception to the duty created by Rule 58(b). It does not allow a judgment creditor to postpone recording a satisfaction of judgment in order to protect its interest in collecting attorney fees that may be awarded in the future. The record reflects McPheters paid the judgment in full. Therefore, pursuant to I.R.C.P. 58(b), the respondents had a duty to record a satisfaction of judgment. It is undisputed that the respondents failed to record a satisfaction of judgment. As a result, the respondents breached their duty to McPheters to

record a satisfaction of judgment. *See Crosby*, 111 Idaho at 941, 729 P.2d at 416.

■ Having established that the respondent's failure to record a satisfaction of judgment was negligence, McPheters must provide evidence creating a genuine issue of material fact as to causation and damages to survive summary judgment. I.R.C.P. 56(c) (2002). McPheters submitted an affidavit in opposition to summary judgment making only the conclusory statement that "there certainly are disputes as to the material facts." McPheters failed to provide evidence of a ready and willing buyer but for the lis pendens, or any other evidence of causation or damages. Therefore, McPheters failed to create a material issue that he suffered damages caused by the respondents' failure to record a satisfaction of judgment. Summary judgment on McPheters' claim of negligence is affirmed.

## B. McPheters' Affidavit Accompanying His Motion To Reconsider Summary Judgment Fails To Create A Material Issue Of Fact.

■ McPheters argues the district court erroneously denied his motion to reconsider summary judgment because he provided new facts bearing on the issue of causation. The motion to reconsider was accompanied by an affidavit, in which McPheters stated that, based on his over thirty years of experience as a builder and seller, without a recorded satisfaction of judgment, the lis pendens caused his damage because it: "can and did scare off potential buyers for my high end home." Additionally, the affidavit stated that Washington Federal re-sold the home within a few weeks after purchasing it at the trustee's sale.

This Court will not consider McPheters' assignment of error because these facts create only a mere scintilla or slight doubt as to causation and damages, which is insufficient to survive summary judgment. *Northwest Bec–Corp*, 136 Idaho at 839, 41 P.3d at 267. Thus, the district court's error, if any, did not affect any of McPheters' substantial rights, and was therefore, harmless. *See Reed v.*

*Reed*, 137 Idaho 53, 58, 44 P.3d 1108, 1113 (2002).

## C. The District Court Properly Denied McPheters' Other Motions And Issues On Appeal.

McPheters argues in his brief that he filed four other motions with the district court: (1) in objection to summary judgment and motion to strike; (2) to amend the complaint; (3) to reconsider motion to amend; and (4) to disqualify the judge. The district court either denied or did not rule on these motions.

■ McPheters' "motion in objection to summary judgment and motion to strike" the summary judgment was properly denied because there is no such cognizable motion.

■ There is no "motion to amend complaint" found in the record. There is an "order allowing the filing of amended complaint," which McPheters submitted. This "order" is unsupported by any argument, authority, or a proposed amended complaint providing a basis upon which the district court could grant a motion to amend complaint. The judge drew a line through the order language and handwrote "denied this 25th day of October, 2000." The record does not show McPheters filed a motion to amend his complaint. As a result, the district court did not abuse its discretion when it denied McPheters' attempt to file a motion to amend his complaint.

There is nothing in the record resembling a motion to reconsider denial of the motion to amend complaint and the district court made no ruling on such a motion.

■ There is no motion to disqualify found in the record. McPheters accused the judge of bias in several different documents submitted to the district court, but does not cite to Rule 40(d)(2)(A)(4) or any other basis for disqualification. The judge made no ruling on a motion to disqualify. Additionally, a party is required to provide the grounds and facts upon which a motion to disqualify is based. *Samuel v. Hepworth, Nungester, & Lezamiz, Inc.*, 134 Idaho 84, 88–89, 996 P.2d 303, 307–08 (2000). McPheters provides no grounds or facts to support a motion to disqualify. As a result, this Court declines to

decide whether the district court properly denied the alleged motion to disqualify.

McPheters raises several other issues on appeal including: (1) ex parte communications between the district court and defendants' attorney; (2) due process violation; and (3) the effect of a lis pendens on the salability of a home. To properly raise an issue on appeal there must either be an adverse ruling by the court below or the issue must have been raised in the court below, an issue cannot be raised for the first time on appeal. *Whitted v. Canyon County Bd. of Comm'rs.*, 137 Idaho 118, 121–22, 44 P.3d 1173, 1176–77 (2002). None of these issues arise from an adverse ruling by the district court nor were they raised in the court below, so they are improperly raised for the first time on appeal. Therefore, this Court will not consider them.

**D. Respondents' Are Not Entitled To An Award Of Attorney Fees Under Idaho Code §§ 12–120(3) Or 12–121.**

Under I.C. § 12–120(3), attorney fees may be awarded to the prevailing party in a dispute involving a contract or commercial transaction. IDAHO CODE § 12–120(3) (2002). This statute does not apply to a claim for attorney fees when the action involves a tort, even if the underlying action was a commercial transaction. *Rice v. Litster*, 132 Idaho 897, 901, 980 P.2d 561, 565 (1999); *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 354, 941 P.2d 314, 326 (1997). In this case, the basis of McPheters' claim is negligence, a tort action. Since the basis of McPheters' claim is tort, the respondents are not entitled to an award of attorney fees under I.C. § 12–120(3).

Under I.C. § 12–121, a judge may award attorney fees to a prevailing party in a civil action. IDAHO CODE § 12–121 (2002). Other than citing § 12–121, the respondents offer no argument in support of their claim. When an issue is not supported by authority or argument, this Court will not consider it. *Young Elec. Sign Co. v. State, ex rel., Winder*, 135 Idaho 804, 810, 25 P.3d 117, 123 (2001) (citing *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 967 (1996)). As a result, this Court will not consider whether the respondents are entitled to an award of attorney fees under I.C. § 12–121.

## V.

## CONCLUSION

The district court did not err by granting summary judgment in favor of the respondents on McPheters' claims of slander of title, civil conspiracy, and negligence. Similarly, the district court did not err in denying McPheters' motion for reconsideration, or his other motions. This Court will not consider other issues raised by McPheters because he impermissibly raises them for the first time on appeal. The respondents are not entitled to an award of attorney fees under either I.C. § 12–120(3) because this action does not involve a commercial transaction or under I.C. § 12–121 because they fail to provide any argument in support of attorney fees.

Chief Justice TROUT and Justices SCHROEDER, WALTERS, and EISMANN concur.